UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT L. BROOKS JR., in his capacity
As Administrator of the ESTATE OF ROBERT
L. BROOKS SR.,

                Plaintiff,                    **Case No. 9-25-cv-68 (AMN/ML)**

                v.                    **DEFENDANT ANZALONE'S ANSWER TO AMENDED COMPLAINT WITH CROSS-CLAIM**

ANTHONY FARINA, MATTHEW GALLIHER
NICHOLAS ANZALONE, DAVID KINGSLEY,
NICHOLAS KIEFFER, ROBERT KESSLER
MICHAEL FISHER, CHRISTOPHER WALRATH
MICHAEL ALONG, SHEA SCHOFF, DAVID
WALTERS, MICHAEL MASHAW,
GLENN TROMBLEY,KYLE DASHNAW,
ABEDIN MEHMEDOVIC, DANIELLE MEDBURY,
DANIEL MARTUSCELLO III, and other as yet
identified individuals,

                Defendants.

Defendant, NICHOLAS ANZALONE, by his attorneys, LaMarche Safranko Law PLLC, as and for an Answer to the Amended Complaint of plaintiff herein, allege as follows:

1.      The Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "3", "8", "9", "10", "11", "12", "14", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "31", "32", "33", "35", "36", "37", "38", "39", "40", "41", "42", "44", "46", "47", "48", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "64", "66", "68", "77", "78", "79", "80", "81", "82", "91", "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", "105", "106", "107", "108", "109", "110", "111", "112", "113", "114", "117", "118", "119", "120", "121", "122", "123", "124", "125",

1

"126", "127", "128", "129", "130", "139", "140", "141", "142", "143", "144", "145", "146", "147", ""148", "149", "150", "151", "152", "153", "154", "155", "156", "157", "158", "159", "160", "162", "163", "164", "165", "166", "167", "168", "169", "170", "171", "172", "173", "174", "181", "183", "184", "185", "186", "187", "188", "189", "191", "192", "193", "200", "220", "221", "222", "223", "225", "226", "228", "229", "230",

2.    The Defendant denies each and every allegation contained in paragraphs "1", "2", "4", "5", "6", "7", "13", "30", "34", "43", "62", "63", "69", "70", "71", "72", "73", "74", "83", "84", "85" "86", "87", "88", "89", "90", "92", "93", "94", "115", "131", "175", "176", "177", "178", "190", "202", "203", "204", "205", "206", "207" "208", "209", "211". "212", "213", "214", "215", "216", "217". "218", "224", "231", "232", "233", "234".

3.    Defendant denies the allegations in paragraph "45" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

4.    Defendant denies the allegations in paragraph "49" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

5.    Defendant denies the allegations in paragraph "65" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

6.    Defendant denies the allegations in paragraph "67" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

7.     Defendant denies the allegations in paragraph "75" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

8.     Defendant denies the allegations in paragraph "76" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

9.     Defendant denies the allegations in paragraph "116" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

10.    Defendant denies the allegations in paragraph "" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

11.    Defendant denies the allegations in paragraph "132" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

12.    Defendant denies the allegations in paragraph "133" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

13.    Defendant denies the allegations in paragraph "134" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

14.     Defendant denies the allegations in paragraph "135" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

15.     Defendant denies the allegations in paragraph "136" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

16.     Defendant denies the allegations in paragraph "137" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

17.     Defendant denies the allegations in paragraph "138" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

18.     Defendant denies the allegations in paragraph "161" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

19.     Defendant denies the allegations in paragraph "179" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

20.     Defendant denies the allegations in paragraph "180" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

21.     Defendant denies the allegations in paragraph "182" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

22.     Defendant denies the allegations in paragraph "194" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

23.     Defendant denies the allegations in paragraph "195" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

24.     Defendant denies the allegations in paragraph "196" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

25.     Defendant denies the allegations in paragraph "197" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

26.     Defendant denies the allegations in paragraph "198" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

27.     Defendant denies the allegations in paragraph "199" of Plaintiff's Complaint insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

28.     As to paragraphs numbered "201", "210", "219", and "227"

29.     "167", of the plaintiff's Complaint, the answering defendant repeats, reiterates and realleges his responses to each and every allegation, claim and statement repeated, reiterated and realleged, with the same force and effect as if fully set forth herein at length.

30.     The following paragraphs require no response as they are legal statements: "15", "16", "17".

31.     Defendant denies each and every allegation of the Amended Complaint not specifically responded to above.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32.     Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33.     Plaintiff's complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34.     To the extent plaintiff raises state law claims, they are barred by section 24 of the Correction Law, by the Eleventh Amendment, and by other state law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35.     The state law claims and causes of action are, upon information and belief, barred by the failure of the Plaintiff to file a timely and proper notice of claim.

### AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

36.     The complaint is barred, in whole or in part, under the Eleventh Amendment.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

37.    The complaint is barred, in whole or in part, by applicable statute of limitations.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

38.    The plaintiff has failed to establish personal jurisdiction over defendant Anzalone.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

39.    It is denied that plaintiff suffered any injuries as a result of the actions or inactions of defendant Anzalone.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

40.    The injuries allegedly sustained by the plaintiff were caused in whole or in part by the intervening and/or superseding act or omissions of one or more parties or entities for whose conduct defendant Anzalone had no control and for whose acts defendant Anzalone is not responsible.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

41.    Plaintiff has failed to exhaust administrative remedies under the Prison Litigation Reform Act of 1995.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

42.    To the extent plaintiff has, on three or more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, he is barred from proceeding under section 1915 of the Prison Litigation Reform Act of 1995.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

43.     Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending.  Pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full.  Therefore, plaintiff is or may not be entitled to any payment herein.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

44.     Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes.  Pursuant to section 808 of the Prison Litigation Reform Act of 1995, prior to any compensatory damages to plaintiff, reasonable efforts shall be made to notify the victims of the crime for which plaintiff was convicted and incarcerated.  Upon information and belief, plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or he should be barred from recovered.

### AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE

45.     Upon information and belief, Defendant Anzalone acted at all times in a reasonable and proper manner under the circumstances and facts involved, including relative to any use of force, and at no time did Defendant Anzalone violate a clearly established federal right of the Plaintiff.

### AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE

46.     In the event Plaintiff has, or should in the future, settle any potion of the claims arising from the allegations in Plaintiff's Complaint with any currently named or to be named Defendant(s), the respective rights of the remaining parties should be determined pursuant to New York General Obligations Law § 15-108.

## AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE

47.    At all times relevant, Defendant Anzalone acted without malice, with probable and/or reasonable cause, and in good faith, with a reasonable belief of the legality of his actions and within the scope of his authority, official duties, and discretion.

## AS FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

48.    Upon information and belief, the actions of defendant Anzalone are protected by the doctrines of absolute, qualified, and governmental immunity under 42 U.S.C. § 1983 and applicable New York State law, and the Plaintiff's claims must therefore be dismissed.

## AS FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

49.    Upon information and belief, any past or future costs for expenses incurred or to be incurred by Plaintiff for medical care, loss of earnings or other economic loss, have been or will be, with reasonable certainty, replaced or indemnified in whole or in part from collateral sources as defined in in Section 4545(c) of the CPLR.

## JURY TRIAL DEMAND

50.    Defendant Anzalone demands a trial by jury.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST ANTHONY FARINA, MATTHEW GALLIHER, DAVID KINGSLEY, NICHOLAS KIEFFER, ROBERT KESSLER, MICHAEL FISHER, CHRISTOPHER WALRATH, MICHAEL ALONG, SHEA SCHOFF, DAVID WALTERS, MICHAEL MASHAW, GLENN TROMBLEY, KYLE DASHNAW, ABEDIN MEHMEDOVIC, DANIELLE MEDBURY, DANIEL MARTUSCELLO III, and other as yet Identified Individuals, THIS ANSWERING DEFENDANT ALLEGES:**

51.    That if the Plaintiff/Decedent sustained any damages at the time and place alleged in the Complaint through any acts or omissions other than the Plaintiff/Decedent's own, such damages were caused by the culpable conduct of **ANTHONY FARINA, MATTHEW GALLIHER, DAVID KINGSLEY, NICHOLAS KIEFFER, ROBERT KESSLER,**

**MICHAEL FISHER, CHRISTOPHER WALRATH, MICHAEL ALONG, SHEA SCHOFF, DAVID WALTERS, MICHAEL MASHAW, GLENN TROMBLEY, KYLE DASHNAW, ABEDIN MEHMEDOVIC, DANIELLE MEDBURY, DANIEL MARTUSCELLO III**, and **other as yet Identified Individuals,** and if any judgment is obtained against this Answering Defendant, then this Answering Defendant demands judgment over against **ANTHONY FARINA, MATTHEW GALLIHER, DAVID KINGSLEY, NICHOLAS KIEFFER, ROBERT KESSLER, MICHAEL FISHER, CHRISTOPHER WALRATH, MICHAEL ALONG, SHEA SCHOFF, DAVID WALTERS, MICHAEL MASHAW, GLENN TROMBLEY, KYLE DASHNAW, ABEDIN MEHMEDOVIC, DANIELLE MEDBURY, DANIEL MARTUSCELLO III**, **and other as yet Identified Individuals,** for contribution pursuant to CPLR Article 14 and/or indemnity for any part or all of the judgment awarded.

**WHEREFORE**, Defendant Anzalone respectfully demands judgment dismissing the complaint, for such costs and disbursements of this action, and any such further relief as the Court deems just.

Date:   May 30, 2025

_____
ANDREW R. SAFRANKO
BAR ROLL NO. 510803
LAMARCHE SAFRANKO LAW PLLC
Attorneys for Defendants
987 New Loudon Road
Cohoes, NY  12047

10