UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRESSIDA A. DIXON, in her capacity as Administrator of the ESTATE OF ROBERT L. BROOKS SR.,<br><br>                    Plaintiff,<br><br>                    v.<br><br>ANTHONY FARINA, MATTHEW GALLIHER, NICHOLAS ANZALONE, DAVID KINGSLEY, NICHOLAS KIEFFER, ROBERT KESSLER, MICHAEL FISHER, CHRISTOPHER WALRATH, MICHAEL ALONG, SHEA SCHOFF, DAVID WALTERS, MICHAEL MASHAW, GLENN TROMBLEY, KYLE DASHNAW, ABEDIN MEHMEDOVIC, DANIELLE MEDBURY, DANIEL MARTUSCELLO III, and other as yet identified individuals.<br><br>                  Defendants. | No. 9:25-cv-00068-AMN-ML<br><br><br><br><br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's August 1, 2025 order, *see* ECF No. 359, the parties listed below submit the following Joint Status Report:

**I. Status of Discovery**

        A.     ***Rule 33 and Rule 34 Requests***. As Plaintiff reported in the last status report, several parties served Rule 33 and Rule 34 written discovery requests on 7/25/25. The parties have mutually agreed to extend the deadline for written responses to those requests to 9/15/25. As to the written discovery responses, the parties discussed that some parties to this case possess a large volume of responsive material through discovery in *People v. Anzalone et al.*, Ind. 70101-25 (Oneida County, New York). Those materials are under a protective order in the criminal case, a copy of which is attached here for reference as **Exhibit A**. The parties agree that no one will

produce discovery obtained from the criminal matter at this time. If/when one or more parties is authorized to disclose those materials in response to discovery in this case, the parties will work together to avoid unnecessary duplicate productions.

On 8/12/25, Plaintiff served its first set of Interrogatories.

B.  ***Regular Meetings.*** At the 8/4/25 hearing, the Court suggested the parties meet regularly to confer about various discovery issues that arise. The parties scheduled the first meeting on 8/27/25. All counsel and pro se Defendant Fisher participated. At the meeting, the parties discussed the contents of this report and tentatively agreed to meet again on 10/29/25 at 5pm EST, if there are any outstanding issues to discuss.

C.  ***Protective Order.*** Following the 8/4/25 hearing the Court entered the parties proposed protective order, subject to certain revisions set forth in the accompanying minute order. *See* ECF No. 370. In the interest of having a version of the protective order on the docket that conforms to the Court's 8/4/25 rulings, Plaintiff's counsel circulated a draft conformed version of the protective order to the parties. Once the parties are satisfied that the order appropriately conforms to the 8/4/25 rulings, Plaintiff will submit it to the Court for entry. The parties agreed to discuss any proposed further modifications to the protective order at future meetings after any party proposed such modifications.

D.  ***ESI Order.*** At the 8/4/25 hearing, the Court ordered the parties to develop an agreed ESI discovery order. Plaintiff circulated a proposed ESI order to the parties on 8/25/25. The parties had preliminary discussion of the proposed ESI order during the 8/27/25 meeting, and the parties hope to be able to finalize and submit the proposed ESI order in the next few weeks

E.  ***Non-Party Discovery.*** As Plaintiff reported in the last status report, Plaintiff served document subpoenas on the Department of Corrections and Community Supervision (DOCCS),

the New York State Police (NYSP), and the Onondaga County Medical Examiner's Office (ME Office). The status of each is described below:

    1.    ***DOCCS Subpoena***.  On 8/6/25, counsel for Plaintiffs and DOCCS conferred and agreed to a 20-day extension for DOCCS to produce its written subpoena response, including any objections. Counsel for DOCCS expressed concern about not being able to designate sensitive documents for Attorneys Eyes Only ("AEO"), but Plaintiff's counsel noted that after a lengthy hearing where counsel for Defendant Martuscello advocated for inclusion of an AEO designation, this Court expressly excluded that designation from the protective order it entered on 8/5/25. Counsel for DOCCS also opined that its production of documents in response to the subpoena should move in lockstep with the State's productions in the Court of Claims case, but Plaintiff's counsel rejected that proposal, noting that the two cases are moving on different tracks and that there is a January 2026 discovery cut off for document discovery in this case.

At the expiration of the 20-day extension period, on 8/26/25, DOCCS requested another 30 days to respond to Plaintiff's subpoena. In response, Plaintiff again emphasized this Court's January 2026 document discovery cut-off and explained that Plaintiff would need DOCCS's written objections and responses sooner, so that there would be sufficient time to meet and confer, and, if necessary, adjudicate DOCCS's objections. Accordingly, Plaintiff agreed to give DOCCS a 10-day extension of time to respond, such that DOCCS response is now due on 9/5/25. As to the production, Plaintiff offered to work cooperatively with DOCCS's counsel in this case and the State's counsel in the Court of Claims matter to avoid duplication of effort, so long as so long as the production is made on a timetable that is acceptable to this Court.

2. ***NYSP Subpoena***. On 8/6/25, counsel for Plaintiffs and the NYSP conferred about NYSP's request to extend its production deadline until the conclusion of the related criminal proceedings (*see infra*, ¶ D) to avoid the "major consequences" that the NYSP believes could result from earlier disclosure of its file. Thereafter, in a Rule 45 letter, attached as **Exhibit B**, the NYSP memorialized its objection that "timely compliance would jeopardize the successful criminal prosecutions pending against eight criminal defendants as well as the integrity of the ongoing investigation into the death of Mr. Brooks." Plaintiff's counsel believes the NYSP's is justified in seeking a delayed production deadline to ensure "witness protection" and "just verdicts" in the criminal proceedings. Plaintiff's counsel is likewise satisfied by counsel's representation in a follow up call on 8/7/25 that, notwithstanding other breadth and burden objections it included in NYSP's Rule 45 letter for preservation purposes, the NYSP intends to produce its entire file at the conclusion of the criminal proceedings. Plaintiff's counsel has also conferred with the office of Special Prosecutor Onondaga County District Attorney William J. Fitzpatrick about the NYSP subpoena, and the office echoed NYSP's concerns that responding to Plaintiff's subpoena at this time could interfere with the criminal proceeding. Accordingly, barring direction from the Court that Plaintiff must move to compel the NYSP to comply with the subpoena before the criminal proceedings conclude or else risk waiving the right to obtain this discovery, Plaintiff would like to extend NYSP's deadline for responding to the subpoena until the conclusion of the criminal trial, which, as referenced below, is scheduled to begin on 10/6/25.

3. ***ME Office Subpoena***. On 8/19/25, counsel for Plaintiff conferred with a representative of the ME Office who stated that the Onondaga County District Attorney's

Office has "put a hold" on the office's ability to release responsive information until the conclusion of the criminal proceedings, and that once the hold is lifted, it will require a judicial subpoena in order to release its entire file. *See* **Exhibit C**. Barring direction from the Court that Plaintiff must move to compel the NYSP to comply with the subpoena before the criminal proceedings conclude or else risk waiving the right to obtain this discovery, Plaintiff intends to seek and serve a judicial subpoena promptly upon the conclusion of the criminal trial.

## II. Status of Litigation

A.     ***Defaulting Defendants.*** The Clerk granted certificates of default as to Defendants Kieffer, Trombley, and Walrath. ECF No. 347, 376. On 8/22/24, Plaintiff filed a status report indicating that Plaintiff does not plan to seek entry of judgment on the defaults until after trial against the non-defaulting Defendants.

B.     ***Outstanding Answer.*** Defendant Kingsley has not answered Plaintiff's First Amended Complaint. He previously obtained an extension of time, until 7/30/25, to answer or otherwise plead, *see* ECF No. 313, but he has not met that deadline, though his earlier filed motion to dismiss remains pending, as described below.

C.     ***Motions to Dismiss.*** The following motions to dismiss are currently pending and fully briefed: (1) Defendant Martuscello's motion to dismiss Plaintiff's claims, *see* ECF No. 219; (2) Defendant Martuscello's motion to dismiss Defendants' cross claims, *see* ECF Nos. 295, 351; and (3) Defendant Kingsley's motion to dismiss Plaintiff's complaint, *see* ECF No. 309.

D.     ***Related criminal matter.*** Several of the defendants in this matter are facing criminal charges in *People v. Anzalone et al.*, Ind. 70101-25 (Oneida County, New York) relating to the death of Robert Books. As of today's date, a pretrial hearing in the criminal matter is set for

9/22/25 and trial is set to begin on 10/6/25. No party to this case has reason to believe that the criminal trial will be postponed.

    E.  ***Related Court of Claims matter.*** The parties have exchanged initial written discovery demands and formal responses have not yet been made.

Respectfully submitted:

/s/ Elizabeth Mazur
*Counsel for Plaintiff*

Elizabeth Mazur
Kate Schwartz
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
Tel: (312) 604-2726
Fax: (312) 604-2726
emazur@hsplegal.com
kschwartz@hsplegal.com

Stephen G. Schwarz
Lesley E. Niebel
FARACI LANGE, LLP
1822 South Winton Road, Suite 1
Rochester, New York 14618
Tel: 585.325.5150
Fax: 585.325.3285
sschwarz@faraci.com
lniebel@faraci.com
*Counsel for Plaintiff*

Kimberly Zimmer
120 East Washington Street, Suite 815
Syracuse, New York 13202
Tel: 315-422-9909
Fax: 315-422-9911
kmz@kimzimmerlaw.com
*Attorney for Defendant Shea Schoff*

William A. Scott
C. Esther Engelhart
Assistant Attorney General

Attorney General of the State of New York
The Capitol
Albany, New York 12224
Tel: 518-776-2255
William.Scott@ag.ny.gov
esther.engelhart@ag.ny.gov
*Attorney for Defendant Daniel Martuscello III*

Thomas J. Murphy, Esq.
1800 AXA Tower 1
100 Madison St.
Syracuse, NY 13202 Bar
Roll No.: 102248 Tel:
315-565-4572
Tjmurphy@hancocklaw.com
*Attorney for Defendant Danielle Medbury*

Elizabeth M. Harmon
Kevin A. Luibrand
Luibrand Law Firm, PLLC
eharmon@luibrandlaw.com
kluibrand@luibrandlaw.com
*Attorney for Defendant Matthew Galliher*

Stephen A. Davoli
Sugarman Law Firm LLP - Syracuse Office
211 West Jefferson Street Syracuse, NY 13202
Tel: 315-474-2943
sdavoli@sugarmanlaw.com
*Attorney for Defendant Michael Along*

Alexandra N. von Stackelberg
Capezza Hill, LLP
30 South Pearl Street, P-110 Albany, New
York 12207 Bar Roll No. 705595
Tel: 518-478-6065
allee@capezzahill.com
*Attorney for Defendant Michael Mashaw*

Paul Tuck, Esq.
P.O. Box 44
Manlius, New York 13104
Tel: 315.314.4545
paul@paultucklaw.com
*Attorney for Defendant David Walters*

Andrew F. Pisanelli, Esq.

Milber Makris Plousadis & Seiden, LLP
100 Manhattanville Road, Suite 4E20
Purchase, New York 10577
Tel: 914-231-8025
apisanelli@milbermakris.com
*Attorneys for Defendant Abedin Mehmedovic*

Brady J. O'Malley
231 Walton St
Syracuse, NY 13202
Tel: 315-551-7438
brady@naveteam.com
*Attorney for Defendant Kyle Dashnaw*

# CERTIFICATE OF SERVICE

I, Elizabeth Mazur, hereby certify that on 9/3/25, I caused the parties' Joint Status Report to be served on all counsel of record for the parties listed below using the ECF system by electronically filing the same on the CM/ECF system.

I further certify that on 9/3/25, I caused a copy of the parties' Joint Status Report to be served on the following individuals listed below, by the methods listed below:

Michael Fisher (via email, with consent)
124 South Crescent Dr.
Rome, NY 13440
mdf2196456@gmail.com

David Kingsley (via U.S. mail)
26 North Main
Adams, NY 13605