UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

ROBERT L. BROOKS JR., in his capacity as
Administrator of the ESTATE OF ROBERT L.
BROOKS SR.,

      Plaintiff,

    v.

ANTHONY FARINA, MATTHEW GALLIHER,
NICHOLAS ANZALONE, DAVID KINGSLEY,
NICHOLAS KIEFFER, ROBERT KESSLER,
MICHAEL FISHER, CHRISTOPHER WALRATH,
MICHAEL ALONG, SHEA SCHOFF, DAVID
WALTERS, MICHAEL MASHAW, GLENN
TROMBLEY, KYLE DASHNAW, ABEDIN
MEHMEDOVIC, SHERRI ABREU, STEVEN
CAUFIELD, BOBBI BEDIENT, TRAVIS TABOR,
JOHN BANKERT, JARED POPIEL, DANIELLE
MEDBURY, MICHAEL D'AMORE, DANIEL
MARTUSCELLO III, and other as yet identified
individuals,

      Defendants.

------------------------------------------------------------------------x

**ANSWER TO SECOND
AMENDED COMPLAINT
AND CROSS-CLAIM**

9:25-cv-68 (AMN/ML)

  The Defendant, ANTHONY FARINA, by and through his attorneys, answers the

Plaintiff's Second Amended Complaint, as follows:

  1. Defendant lacks knowledge or information sufficient to form a belief as to the

allegations contained in paragraphs 1 through 3 of Plaintiff's Second Amended Complaint, and

therefore DENIES the same.

  2. DENIES the allegations contained in paragraph 4 of Plaintiff's Second Amended

Complaint.

  3. DENIES the allegations contained in paragraph 5 of Plaintiff's Second Amended

Complaint.

4.     DENIES the allegations contained in paragraph 6 of Plaintiff's Second Amended Complaint.

5.     DENIES the allegations contained in paragraph 7 of Plaintiff's Second Amended Complaint.

6.     DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of Plaintiff's Second Amended Complaint, and therefore DENIES the same.

7.     DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 9 through 14 of Plaintiff's Second Amended Complaint, and therefore DENIES the same.

8.     DENIES the allegations contained in paragraph 15 of Plaintiff's Second Amended Complaint.

9.     DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 16 through 18 of Plaintiff's Second Amended Complaint, and therefore DENIES the same.

10.     DENIES the allegations contained in paragraph 19 of Plaintiff's Second Amended Complaint.

11.     DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 20 through 22 of Plaintiff's Second Amended Complaint, and therefore DENIES the same.

12.     DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of Plaintiff's Second Amended Complaint as to all Defendants except

Anthony Farina, and therefore DENIES the same as to all Defendants except states the same as to himself.

13.     DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 24 through 28 of Plaintiff's Second Amended Complaint, and therefore DENIES the same.

14.     DENIES the allegations contained in paragraph 29 of Plaintiff's Second Amended Complaint.

15.     DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 30 through 34 of Plaintiff's Second Amended Complaint, and therefore DENIES the same.

16.     DENIES the allegations contained in paragraph 35 of Plaintiff's Second Amended Complaint.

17.     DENIES the allegations contained in paragraph 36 of Plaintiff's Second Amended Complaint, except states that any force used was reasonable and necessary under the circumstances.

18.     DENIES the allegations contained in paragraph 37 of Plaintiff's Second Amended Complaint.

19.     DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 38 through 40 of Plaintiff's Second Amended Complaint, and therefore DENIES the same.

20.     DENIES the allegations contained in paragraph 41 of Plaintiff's Second Amended Complaint.

21.    DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 42 through 44 of Plaintiff's Second Amended Complaint, and therefore DENIES the same.

22.    DENIES the allegations contained in paragraph 45 of Plaintiff's Second Amended Complaint.

23.    DENIES the allegations contained in paragraph 46 of Plaintiff's Second Amended Complaint. Defendant specifically denies that he intentionally applied force to Robert Brooks's groin and states that any contact was incidental to efforts to secure Mr. Brooks while he was actively resisting.

24.    DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 47 and 48 of Plaintiff's Second Amended Complaint, and therefore DENIES the same.

25.    DENIES the allegations contained in paragraph 49 of Plaintiff's Second Amended Complaint, except states that any actions taken were reasonable and necessary under the circumstances.

27.    DENIES the allegations contained in paragraph 50 of Plaintiff's Second Amended Complaint, except states that any contact was reasonable and necessary under the circumstances.

28.    DENIES the allegations contained in paragraph 51 of Plaintiff's Second Amended Complaint.

29.    DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 52 through 66 of Plaintiff's Second Amended Complaint, and therefore DENIES the same.

30.    DENIES the allegations contained in paragraphs 67 through 73 of Plaintiff's Second Amended Complaint.

31.    DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 74 through 86 of Plaintiff's Second Amended Complaint, and therefore DENIES the same.

32.    DENIES the allegations contained in paragraphs 87 and 88 of Plaintiff's Second Amended Complaint.

33.    DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 89 through 106 of Plaintiff's Second Amended Complaint, and therefore DENIES the same.

34.    DENIES the allegations contained in paragraphs 107 through 115 of Plaintiff's Second Amended Complaint.

35.    DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 116 through 132 of Plaintiff's Second Amended Complaint, and therefore DENIES the same.

36.    DENIES the allegations contained in paragraphs 133 through 136 of Plaintiff's Second Amended Complaint.

37.    DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 137 through 200 of Plaintiff's Second Amended Complaint, and therefore DENIES the same.

38.    DENIES knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 301 through 389 of Plaintiff's Second Amended Complaint, and therefore DENIES the same.

## AS AND FOR A FIRST AFFIRMATIVE
## DEFENSE, THE DEFENDANT ALLEGES:

39.    The Second Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE
## DEFENSE, THE DEFENDANT ALLEGES:

40.    Defendant is entitled to qualified immunity as his actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

## AS AND FOR A THIRD AFFIRMATIVE
## DEFENSE, THE DEFENDANT ALLEGES:

41.    Any force used by Defendant was objectively reasonable and necessary under the circumstances.

## AS AND FOR A FOURTH AFFIRMATIVE
## DEFENSE, THE DEFENDANT ALLEGES:

42.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's own conduct, including but not limited to active resistance and/or provocation.

## AS AND FOR A FIFTH AFFIRMATIVE
## DEFENSE, THE DEFENDANT ALLEGES:

43.    Defendant acted in good faith and in the lawful performance of his duties.

## AS AND FOR A SIXTH AFFIRMATIVE
## DEFENSE, THE DEFENDANT ALLEGES:

44.    Plaintiff's alleged damages, if any, were caused in whole or in part by the acts or omissions of third parties over whom this Defendant had no control.

## AS AND FOR A SEVENTH AFFIRMATIVE
## DEFENSE, THE DEFENDANT ALLEGES:

45.     Plaintiff is not entitled to punitive damages as Defendant's conduct was not willful, wanton, or in reckless disregard of Plaintiff's rights.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

46.     Plaintiff's claims may be barred or limited by the doctrines of comparative fault and/or mitigation of damages.

WHEREFORE, the answering Defendant, Anthony Farina, demands judgment dismissing the Complaint, or alternatively that any recovery be reduced according to the Plaintiff/Decedent's degree of culpability.

Dated: March 30, 2026

By: *s/s James L. Riotto 99*
James L. Riotto II, Esq.
Bar Roll No.:  4876488
The Law Office of James L. Riotto II
*Attorneys for Anthony R. Farina*
30 W. Broad Street, Suite 100
Rochester, NY 14614
(585)546-4001
Jriotto@riottolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I electronically filed Defendant's Answer to the Second Amended Complaint with the Clerk of the court using the CM/ECF system, thereby serving a copy of the same on counsel listed below:

**Hughes Socol Piers Resnick Dym, Ltd.**
Attn: Caryn Cecelia Lederer
Elizabeth N. Mazur
Kate E. Schwartz
Matthew J. Pierz
70 W. Madison Street - Suite 4000
Chicago, IL 60602
*Attorneys for Plaintiff*

**Faraci Lange, LLP**
Attn: Lesley E. Niebel
Stephen G. Schwarz
1882 South Winton Road - Suite 1
Rochester, NY 14618
*Attorneys for Plaintiff*

**Luibrand Law Firm, PLLC**
Attn: Kevin A. Luibrand
Elizabeth M. Harmon
950 New Loudon Road - Suite 270
Latham, NY 12110
*Attorneys for Matthew Galliher*

**Lamarche Safranko Law PLLC**
Attn: Andrew R. Safranko
Lily G. Killar
Nicholas J. Evanovich, III
987 New Loudon Road
Cohoes, NY 12047
*Attorneys for Nicholas Anzalone*

**Assaf, Siegal Law Firm**
Attn: Michael D. Assaf
16 Corporate Woods Boulevard
Albany, NY 12211
*Attorneys for Robert Kessler*

**Sugarman Law Firm LLP - Syracuse Office**
Attn: Stephen A. Davoli
211 West Jefferson Street

Syracuse, NY 13202
*Attorneys for Michael Along*

**Zimmer Law Office PLLC**
Attn: Kimberly M. Zimmer
The University Building
120 E. Washington Street, Suite 815
Syracuse, NY 13202
*Attorneys for Shea Schoff*

**Paul Tuck Attorney at Law PLLC**
Attn: Paul J. Tuck
PO Box 44
Manlius, NY 13104
*Attorney for David Walters*

**Nave Law Firm**
Attn: Brady J. O'Malley
231 Walton Street
Syracuse, NY 13202
*Attorneys for Kyle Dashnaw*

**Milber Makris Plousadis & Seiden, LLP**
Attn: Andrew F. Pisanelli
100 Manhattanville Road - Suite 4e20
Purchase, NY 10577
*Attorneys for Abedin Mehmedovic*

**Hancock Estabrook, LLP**
Attn: Thomas J. Murphy
1800 AXA Tower I 100 Madison Street
Syracuse, NY 13202
*Attorneys for Danielle Medbury*

**New York State Attorney General – Albany**
Attn: William A. Scott
The Capitol
Albany, NY 12224
*Attorneys for Daniel Martuscello, III*

**Finn Law Offices**
Attn: Ryan M. Finn, Esq.
12 Sheridan Ave
Albany, NY 12207
*Attorneys for Jared Popiel*

**Law Office of David A. Longeretta, PLLC**
Attn: David A. Longeretta, Esq.
298 Genesee St
Utica, NY 13502
*Attorneys for Nicholas Kieffer*

  Additionally, I certify that I served the above-referenced document by United States Postal Service upon the following non-CM/ECF participants:

**Michael Fisher, Pro Se**
124 South Crescent Dr.
Rome, NY 13440

**David J. Kingsley, II (DIN:  25B4105)**
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14901

**Christopher Walrath (DIN: 25B1895)**
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

**Glenn Trombley**
Oneida County Jail
6075 Judd Road
Oriskany, NY 13424

**Michael Mashaw**
25-R-3903
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788