

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
APR 0 9 2026
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Utica

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

_____

BRIAN LAUDADIO,, Monroe County Public

Administrator, in his capacity as Administrator of

The ESTATE OF ROBERT L. BROOKS SR.,

                    Plaintiff,

              VS.

ANTHONY FARINA, MATTHEW GALLIHER,

NICHOLAS ANZALONE, DAVID KINGSLEY,

NICHOLAS KEIFFER, ROBERT KESSLER,

MICHAEL FISHER, CHRISTOPHER WALRATH,

MICHAEL ALONG, SHEA SCHOFF, DAVID

WALTERS, MICHAEL MASHAW, GLENN

TROMBLEY, KYLE DASHNAW, ABEDIN

MEHMEDOVIC,  SHERRI ABREU, STEVEN

CAUFIELD, BOBBI BEDIENT, TRAVIS TABOR,

JOHN BANKERT, JARED POPEIL, DANIELLE MEDBURY,

MICHAEL D'AMORE, DANIEL MARTUSCELLO III,

and others as Yet identified individuals,

              Defendants.

_____

DEFENDANT MICHAEL L. MASHAW'S

ANSWER TO SECOND AMENDED
COMPLAINT

WITH CROSS CLAIM


Case No: 9;25-cv-68(AMN/ML)

Defendant, Michael L. Mashaw, as and for an ANSWER TO THE SECOND AMENDED COMPLAINT of Plaintiff, filed on February 23, 2026, sets forth, states, and alleges as follows:

1. That this answering defendant, lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 26, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 76, 77, 78, 79, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 139, 141, 142, 143, 144, 145, 148, 149, 150, 151, 152, 153, 154, 155, 158, 159, 160, 161, 162, 163, 164, 166, 169, 172, 173, 174, 175, 176, 177, 179, 180, 181, 182, 183, 184, 185, 186, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 213, 214, 215, 216, 217, 218, 219, 220, 221, 224, 229, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 256, 258, 260, 261, 262, 263, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 313, 314, 315, 316, 317, 318, 319, 320, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334 a-i, 335, 336 a-d, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, and 409 of the plaintiffs second amended complaint and as such denies the same.

2. This answering defendant denies each and every allegation contained in the plaintiffs, amended complaint at paragraphs numbered 8, 23, 157, 168, 170, 171, 178, 187, 211, 212, 255, 257, and 276 of the plaintiffs second amended complaint.

3. That this answering defendant admits the allegations contained at paragraphs numbered  22, 24, 25, 27, 29, 74, 75, 80, 138, 140, 146, 147, 156, 165, 167, 222, 223, 225, 226, 227, 228, 230, 231, 259, 264, 312, 321, and 376 of the plaintiffs second amended complaint.

4. That this answering Defendant hereby denies any and all other allegations contained within the Plaintiff's second amended complaint which has not been specifically admitted, denied or otherwise controverted.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5.   The second amended complaint fails to state a cause of action as against this answering defendant upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6.   The Plaintiff decedents injuries of which said Estate complains of in said second amended complaint were caused or brought about by the superseding, intervening acts or omissions of other third parties over whom this answering defendant had no control and for whose acts this Answering defendant is in no way responsible.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7.   That at all relevant times, this answering defendant acted under DOCCS policy and with out any malice, ill will, probable and/or reasonable cause, and acted in good faith, with a reasonable belief of the proper and legality of his actions and all within the scope of his authority, official duties, regulations, and discretion.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8.   That based upon information and belief, the actions of this answering defendant are protected by the doctrines of absolute, qualified, and governmental immunity under 42 USC Section 1983 and applicable New York State law, and the Plaintiffs claims must therefore be dismissed in their entirety.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9.   That this answering defendant acted in accordance with his employment directives and training and at no time did he exceed his authority, and his action were at all time proper under the circumstances known to him, including the use of force, and at no time did this answering defendant violate any such policy, state or federal law nor did this defendant act with malice.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10. Plaintiff decedent claims are barred in whole or in part due to this answering defendant not personally being involved in any alleged constitutional violation, as required for liability under 42 USC section 1983.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11. In the event that Plaintiff has, or should in the future, settle any portion of the claims arising from the allegations contained in the Plaintiff's amended complaint, with any currently named or still to be named defendant(s), the respective rights of the remaining parties should be determined pursuant to Section 15-108 of the New York General Obligations Law.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

12. This answering defendant at all time acted in a reasonable and proper manner under the ever changing circumstances and facts involved including any alleged use of force, and at no time did this answering defendant violate any established federal right of the plaintiff as alleged in this second amended complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13. This answering defendant did not, and has not, published, enforced, or otherwise promulgated a policy, custom, practice, or usage that resulted in the alleged infringement or deprivation of any constitutional right of the plaintiff herein.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

14. Any award for punitive damages would not be proper under the common law of the State of New York and would be violative of the numerous and various constitutional rights and protections afforded by the United States and New York State Constitutions, particularly the due process clauses contained therein.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

15. This answering defendant did not intend and did not disregard a substantial likelihood of causing severe emotional distress to the plaintiff herein.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

## DEPENDENT CHILDREN

16. This answering defendant is entitled to the absolute defense of qualified immunity.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

17. In the event the plaintiff settles any portion of this claim arising from the allegations contained within this second amended complaint, with any currently named or still to be named defendant(s), the respective rights of the remaining parties should be determined pursuant to section 15-108 of the New York State General Obligations Law.

### AS AND FOR A CROSS CLAIM AGAINST

### ANTHONY FARINA, NICHOLAS ANZALONE

### DAVID KINGSLEY MATTHEW GALLIGHER, ROBERT KESSLER

### MICHAEL FISHER, CHRISTOPHER WALRATH, MICHALE ALONG, SHEA SSHOFF

### DAVID WALTERS, NICHOLAS KIEFFER, GLEN TROMBLEY

### KYLE DASHNAW ABEDIN MEHMEDOVIC SHERRI ABREU

### STEVEN CAUFIELD, BOBBI BEDIENT, TRAVIS TABOR, JOHN BANKERT

### JARRED POPIEL, MICHAEL D'AMORE.

### And others as yet to be Identified, THIS

### ANSWERING DEFENDANT ALLEGES:

18. That if the Plaintiff/decedent sustained any damages at the time and place alleged in the Amended Complaint through any act or omissions other than the Plaintiff/Decedent's own, such damages were caused by the culpable conduct of Anthony Farina, Nicholas Anzalone, David Kingsley, Matthew Galliher, Robert Kessler, Michael Fisher, Christopher Walrath, Michael Along, Shea Schoff, David Walters, Nicholas Kieffer, Glenn Trombley, Kyle Dashnaw, Abedin Mehmedovic, Sherri Abreu, Steven Caufield, Bobbi Bedient, Travis Tabor, John Bankert, Jared Popiel, Michael D'Amoure Danielle Medbury, Daniel Martuscello III, and others as yet to be identified individuals, and if any judgement is obtained against this answering defendant, then this answering defendant demands judgement over and against all other named

defendants., and others as yet to be identified, for contribution pursuant to CPLR Article 14 and/or indemnity for any part or all of the judgement awarded.

WHEREFORE, this answering defendant, Michael Mashaw, demands judgment as follows:

a. Dismissing the Second Amended Complaint in its entirety;
b. Awarding Answering Defendant judgment on his cross claim; and
c. Awarding Answering Defendant such other and further relief as this court may deem just and proper, together with the costs and disbursements of this action.

Dated: March 28, 2025

Michael L. Mashaw

DIN#25R3903

Woodbourne Correctional Facility

99 Prison Road

PO Box 1000

Woodbourne, NY 12788