UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BRIAN LAUDADIO, Monroe County Public
Administrator, in his capacity as Administrator of
the ESTATE OF ROBERT L. BROOKS, SR.,

                            Plaintiff,

          v.

ANTHONY FARINA, MATTHEW GALLIHER,
NICHOLAS ANZALONE, DAVID KINGSLEY,
NICHOLAS KIEFFER, ROBERT KESSLER,
MICHAEL FISHER, CHRISTOPHER WALRATH,
MICHAEL ALONG, SHEA SCHOFF, DAVID
WALTERS, MICHAEL MASHAW, GLENN
TROMBLEY, KYLE DASHNAW, ABEDIN
MEHMEDOVIC, SHERRI ABREU, STEVEN
CAUFIELD, BOBBI BEDIENT, TRAVIS TABOR,
JOHN BANKERT, JARED POPEIL, DANIELLE
MEDBURY, MICHAEL D'AMORE, DANIEL
MARTUSCELLO III, and other as yet identified
individuals,

                       Defendants.

_____

**Defendant Matthew Galliher's
Answer to Plaintiff's Second
Amended Complaint**

Case No.: 9:25-cv-68 (AMN/ML)

Defendant Matthew Galliher (hereinafter referred to as "answering defendant"), by and through his attorneys, Luibrand Law Firm, PLLC (Kevin A. Luibrand, Esq., of counsel), as and for his answer to plaintiff's second amended complaint, states and alleges as follows:

1. The answering defendant denies each and every allegation contained in plaintiff's second amended complaint designated by plaintiff as paragraphs 1, 2, 3, 4, 5, 6, 7, 10, 14, 17, 18, 19, 20, 21, 28, 68, 70, 76, 105, 106, 107, 108, 109, 110, 112, 113, 114, 115, 125, 126, 127, 128,

131, 132, 157, 160, 161, 162, 163, 164, 169, 179, 180, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 229, 258, 262, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 324, 333, 334, 339, 341, 342, 344, 358, 359, 360, 361, 362, 363, 364, 371, 373, 378, 379, 380, 381, 382, 383, 391, 392, 393, 406, 407, 408 and 409.

2.      The answering defendant admits the allegations contained in plaintiff's second amended complaint designated by plaintiff as paragraphs 124, 156, 158, 159 and 228.

3.      The answering defendant denies the allegations insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief concerning the allegations contained in plaintiff's second amended complaint designated by plaintiff as paragraphs 8, 111, 168, 170, 171, 172, 173, 178, 211, 212, 214, 220, 221, 222, 223, 224, 226, 230 233, 255, 257, 385, 387, 388 and 389.

4.      The answering defendant lacks knowledge or information sufficient to form a belief as to the truth thereof with respect to the allegations contained in plaintiff's second amended complaint designated by plaintiff as paragraphs 9, 11, 12, 13, 15, 16, 22, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 69, 71, 72, 73, 74, 75, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 116, 117, 118, 119, 120, 121, 122, 123, 129, 130, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 165, 166, 167, 174, 175, 176, 177, 181, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 213, 215, 216, 217, 218, 225, 227, 231, 232, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 256, 259, 260, 261, 263, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302,

303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 325, 326, 327, 328, 329, 330, 331, 332, 335, 336, 337, 338, 340, 343, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 365, 366, 367, 368, 369, 370, 372, 374, 375, 376, 386, 390, 395, 396, 397, 398, 399, 400, 401, 403, 404 and 405.

5.      With respect to paragraph 23 of plaintiff's complaint, plaintiff admits so much of said paragraph as alleges answering defendant was an employee of the State of New York and worked at Marcy. The answering defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning the co-defendants' employment status, and denies each and every other allegation contained in said paragraph.

6.      With respect to paragraphs 384, 394 and 402 of plaintiff's complaint, the answering defendant repeats, reiterates, and realleges each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

7.      The answering defendant denies any other allegations not otherwise specifically addressed herein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT STATES AND ALLEGES AS FOLLOWS:**

8.      The complaint fails to state a cause of action against the answering defendant upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT STATES AND ALLEGES AS FOLLOWS:**

9.      The state law claims and causes of action are, upon information and belief, barred by the failure of the plaintiff to file a timely and proper notice of claim.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT STATES AND ALLEGES AS FOLLOWS:**

10.     The injuries complained of in plaintiff's complaint were caused or brought about by the intervening and/or superseding act or omissions of a third person or persons over whom the answering defendant had no control and for whose acts the answering defendant is in no way responsible.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT STATES AND ALLEGES AS FOLLOWS:**

11.     At all times herein relevant, the answering defendant acted without malice, with probable and/or reasonable cause, and in good faith, with a reasonable belief of the legality of his actions and within the scope of his authority, official duties, and discretion.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT STATES AND ALLEGES AS FOLLOWS:**

12.     Upon information and belief, the actions of the answering defendant are protected by the doctrines of absolute, qualified, and governmental immunity under 42 U.S.C. Section 1983 and applicable New York State law, and the plaintiff's claims must therefore be dismissed.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT STATES AND ALLEGES AS FOLLOWS:**

13.     Upon information and belief, the answering defendant acted at all times in a reasonable and proper manner under the circumstances and facts involved, including relative to any use of force, and at no time did the answering defendant violate a clearly established federal right of the plaintiff.

4

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT STATES AND ALLEGES AS FOLLOWS:**

14.   The plaintiff failed to exhaust his administrative remedies.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT STATES AND ALLEGES AS FOLLOWS:**

15.   Upon information and belief, any past or future costs for expenses incurred or to be incurred by the plaintiff for medical care, loss of earnings or other economic loss, have been or will be, with reasonable certainty, replaced or indemnified in whole or in part from collateral sources as defined in Section 4545(c) of the C.P.L.R.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT STATES AND ALLEGES AS FOLLOWS:**

16.   Plaintiff's claims are barred in whole or in part because the answering defendant was not personally involved in any alleged constitutional violation, as required for liability under 42 U.S.C. Section 1983.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT STATES AND ALLEGES AS FOLLOWS:**

17.   In the event that plaintiff has, or should in the future, settle any portion of the claims arising from the allegations contained in plaintiff's complaint with any currently named or still to be named defendant(s), the respective rights of the remaining parties should be determined pursuant to Section 15-108 of the New York General Obligations Law.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANTS ANTHONY FARINA, NICHOLAS ANZALONE, DAVID KINGSLEY, NICHOLAS KIEFFER, ROBERT KESSLER, MICHAEL FISHER, CHRISTOPHER WALRATH, MICHAEL ALONG, SHEA SCHOFF, DAVID WALTERS, MICHAEL MASHAW, GLENN TROMBLEY, KYLE DASHNAW, ABEDIN MEHMEDOVIC, SHERRI ABREU, STEVEN CAUFIELD, BOBBI BEDIENT, TRAVIS TABOR, JOHN BANKERT, JARED POPEIL, DANIELLE MEDBURY and MICHAEL D'AMORE, DEFENDANT MATHEW GALLIHER STATES AND ALLEGES AS FOLLOWS:**

18.    That if the plaintiff/decedent sustained any damages at the time and place alleged in the complaint through any acts or omissions other than the plaintiff/decedent's own, such damages were caused by the culpable conduct of defendants Anthony Farina, Nicholas Anzalone, David Kingsley, Nicholas Kieffer, Robert Kessler, Michael Fisher, Christopher Walrath, Michael Along, Shea Schoff, David Walters, Michael Mashaw, Glenn Trombley, Kyle Dashnaw, Abedin Mehmedovic, Sherri Abreu, Steven Caufield, Bobbi Bedient, Travis Tabor, John Bankert, Jared Popeil, Danielle Medbury and Michael D'Amore, and if any judgment is obtained against this answering defendant, then this answering defendant demands judgment over against defendants Anthony Farina, Nicholas Anzalone, David Kingsley, Nicholas Kieffer, Robert Kessler, Michael Fisher, Christopher Walrath, Michael Along, Shea Schoff, David Walters, Michael Mashaw, Glenn Trombley, Kyle Dashnaw, Abedin Mehmedovic, Sherri Abreu, Steven Caufield, Bobbi Bedient, Travis Tabor, John Bankert, Jared Popeil, Danielle Medbury and Michael D'Amore for contribution pursuant to CPLR Article 14 and/or indemnity for any part or all of the judgment awarded.

WHEREFORE, the answering defendant demands judgment dismissing plaintiff's complaint in its entirety, awarding answering defendant judgment on his crossclaim and awarding answering defendant such other and further relief as may be just and proper, together with the costs and disbursements of this action.

Dated: April 13, 2026
      Latham, New York

Yours, etc.,

LUIBRAND LAW FIRM, PLLC

*Kevin A. Luibrand*

Kevin A. Luibrand, Esq.
Bar Roll No. 102083
*Attorneys for Defendant Matthew Galliher*
950 New Loudon Road
Suite 270
Latham, New York 12110
Tel.: (518)783-1100
Fax: (518)783-1901
E-mail: kluibrand@luibrandlaw.com