**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BRIAN LAUDADIO, Monroe County Public Administrator, in his capacity as Administrator of the ESTATE OF ROBERT L. BROOKS SR.,

Plaintiff,

v.

ANTHONY FARINA, MATTHEW GALLIHER, NICHOLAS ANZALONE, DAVID KINGSLEY, NICHOLAS KIEFFER, ROBERT KESSLER, MICHAEL FISHER, CHRISTOPHER WALRATH, MICHAEL ALONG, SHEA SCHOFF, DAVID WALTERS, MICHAEL MASHAW, GLENN TROMBLEY, KYLE DASHNAW, ABEDIN MEHMEDOVIC, SHERRI ABREU, STEVEN CAUFIELD, BOBBI BEDIENT, TRAVIS TABOR, JOHN BANKERT, JARED POPEIL, DANIELLE MEDBURY, MICHAEL D'AMORE, DANIEL MARTUSCELLO III, and other as yet identified individuals.

Defendants.

---

No. 9:25-cv-0068-AMN-ML

**JOINT STATUS REPORT OF PLAINTIFF AND DOCCS**

---

Pursuant to the Court's March 6, 2026, order, *see* ECF No. 485, Plaintiff submits the following Joint Status Report on behalf of Plaintiff and non-party Department of Corrections and Community Supervision ("DOCCS") to advise the Court as to the progress of the remaining DOCCS discovery issues identified in Plaintiff's December 5, 2025, letter reply, *see* ECF No. 421.

1. **Request 21 (OSI Investigative Materials Concerning Defendants)**

As previously reported, *see* ECF No. 483, DOCCS originally produced OSI closing reports responsive to this request on February 9, 2026, and, on March 4, 2026, Plaintiff identified 31 cases for which it seeks production of additional underlying OSI materials.

1

DOCCS originally anticipated completing its production of these underlying OSI materials by April 3, 2026.  However, DOCCS's counsel did not receive the materials from OSI until the week of March 30, 2026, and is still in the process of reviewing them.  DOCCS now anticipates producing the underlying OSI investigative materials by May 8, 2026.

## 2. Request 25 (Disciplinary Records for I/Is who Complained of CO Misconduct)

As previously reported, *see* ECF No. 483, Plaintiff provided DOCCS with initial and supplemental lists of individuals for whom Plaintiff seeks responsive summary discipline information on January 16, 2026, and February 27, 2026, respectively.

DOCCS produced responsive records on February 27, 2026, and March 31, 2026, and originally anticipated completing this production by April 3, 2026.  However, DOCCS continues to await additional responsive records from certain DOCCS correctional facilities.  DOCCS now anticipates completing its production responsive to this request by May 1, 2026.

## 3. DOCCS's ESI Production

Based on Plaintiff's conference with attorneys for DOCCS and the Attorney General's Office (NYAG) of Monday, April 13, 2026, the NYAG's office is still at least six months away from producing ESI responsive to Plaintiff's subpoena to DOCCS. Plaintiff's counsel has made every effort to work cooperatively with DOCCS and the NYAG's Office and to address difficulties they have had in collecting the ESI, but Plaintiff believes that closer supervision by this Court is required to ensure that Plaintiff receives the ESI production on a reasonable timetable for this case. As it stands, Plaintiff's ESI request consists largely of emails to and from Defendants Martuscello, Medbury, and D'Amore, and Plaintiff needs these documents to litigate the claims against these defendants.

Plaintiff's efforts to obtain DOCCS's ESI production to date is summarized below.

- **July 17, 2025** – Plaintiff served its subpoena on DOCCS. In a subsequent meet and confer, DOCCS indicated that an ESI search would be required and requested that Plaintiff provide search terms and custodians. Plaintiff explained that it planned to do so, but that it could not propose meaningful terms and custodians without documents about the underlying incident, which DOCCS took several months to produce. *See* ECF No. 403 at 3-4.

- **July 25, 2025** – Plaintiff served its Rule 34 requests on Defendants Martuscello and Medbury. In subsequent meet and confers, Defendant Martuscello and Medbury indicated that a subpoena to DOCCS would be required to obtain their emails.

- **September to December 2025** – In a meet and confer, DOCCS explained that it could retrieve emails responsive to Plaintiff's search terms, but that it did not have capacity or resources to timely review and produce emails. DOCCS explained that the NYAG's office has access to technology (the Relativity platform) and other resources that would expedite production and requested that Plaintiff consent to involving the NYAG's office in the review and production process. Specifically, DOCCS proposed involving Assistant Attorney Generals John Jensen and Joseph Callery, who are representing the State in the parallel Court of Claims matter. *See* ECF No. 415 at 3-4. In light of DOCC's representations, to minimize burden and avoid duplicative discovery, Plaintiff agreed to involve the NYAG's office. *See* ECF No. 421 at 2-3.

- **November 24, 2025** – Plaintiff initially proposed ESI search terms and custodians to DOCCS, AAGs Jensen and Callery (who represent the State in the Court of Claims matter) and AAG's Scott and Englehart (who represent Defendant Martuscello in this matter).

- **December 8, 2025** – After receiving feedback from DOCCS about technical issues causing search errors, Plaintiff provided updated ESI search terms.

- **January 27, 2026** – After continued efforts to work through further technical issues, DOCCS informed Plaintiff that the proposed ESI searches were resulting in 528,228 hits.

- **February 18, 2026** – After taking steps to breakdown the total ESI hits by search term for further narrowing, DOCCS informed Plaintiff that the ESI search proposal was actually resulting in 1.2 million hits.

- **March 5, 2026** – After emailing and meeting numerous times to confer about ways to modify and narrow the ESI search proposal, a final search proposal was agreed to, totaling approximately 340,383 hits.

- **March 13, 2026** – DOCCS mailed a hard drive with the ESI resulting from the final search proposal to the NYAG's office, to be loaded onto its e-Discovery Platform (Relativity).

- **March 17, 2026** –NYAG's Office received the hard drive from DOCCS.

- **March 27, 2026** – AAG Jensen informed Plaintiff that after de-duplication, the total load population consists of 269,979 files (hereafter, "the ESI"). AAG Jensen

proposed to meet for further discussion on April 13. Plaintiff was reluctant to wait so long to engage in further discussion and requested to meet sooner. To facilitate further discussion about ways to minimize burden and expedite the process, Plaintiff also requested information about the breakdown of the ESI hits by custodian and search term. Plaintiff also proposed that perhaps the AAG's who represent Defendant Commissioner Martuscello be responsible for reviewing and producing his own emails, pointing out that Defendant Martuscello has already produced some of his own emails pursuant to Plaintiff's Rule 34 request and that Plaintiff and Defendant Martuscello were already in the process of litigating his privilege assertions over certain emails.

- **March 30, 2026** – AAG Jensen responded that his office could not make meaningful progress before April 13. AAG Jensen also indicated that his client (the State) would likely object to making Commissioner Martuscello's counsel (AAGs Scott and Englehart) responsible for reviewing and producing Commissioner Martuscello's emails because the State would likely assert privileges separate and apart from those that Commissioner Martuscello might assert himself.

- **March 31, 2026** – AAG Jensen provided the following breakdown of the ESI, after de-duplication, by the four (4) custodians:[1]

    o Daniel Martuscello – 127,348 files

    o Chris Martuscello – 75,768 files

    o Danielle Medbury – 33, 084 files

    o Michael D'Amore – 31,779 files

- **April 13, 2026** – As detailed further below, counsel for Plaintiff and DOCCS met with AAG's Jensen and Callery to discuss a plan for the review and production of the ESI.

During the April 13 meeting, AAGs Jensen and Callery indicated that their office intends to hire contractors to help review the ESI for responsiveness and privilege, but they stated that it will take 60 days to make those hires. To eliminate the need for human review of all 270,000 files generated by DOCCS's search, the AAGs proposed using technology assisted review ("TAR"). AAG Jensen represented that without TAR, it would take approximately five (5) years for his office to complete its review and production of the ESI.

---

[1] AAG Jensen later stated that he cannot provide a breakdown of the total hits by search term, which might have aided Plaintiff in identifying which term results should be prioritized or further modified.

Plaintiff is open to the idea of using TAR and requested details about the State's proposed TAR protocol.  The AAGs were unable to provide this information at the meeting.  At Plaintiff's request, they agreed to identify the proposed TAR program by Friday, April 17, and to provide the proposed protocol for a TAR review by Friday, April 24.

Even with the aid of additional contract reviewers and TAR, the AAGs informed Plaintiff that they anticipate their office needing at minimum six (6) to eight (8) months to complete the review and production of the ESI.  Thus, their projected compliance with the DOCCS subpoena could take us into early 2027 depending on when these contract reviewers could be retained and begin work.

Plaintiff raised concerns that this timeline is not feasible and will cause substantial delays in the resolution of this case.  Among other considerations, the federal case is moving substantially faster than the Court of Claims case, and this Court ordered the parties to propose case management deadlines (including deadlines for the close of documentary discovery) less than two months from now, by June 3, 2026.  *See* ECF. No. 543.

Plaintiff again proposed involving counsel for Defendant Martuscello to handle review of the ESI as to which Martuscello is the ESI custodian (in essence, dividing review responsibility in half between Martuscello and the State, both of which are represented by the NYAG's office).  However, the State opposes that suggestion on the basis that Commissioner Martuscello's DOCCS emails are in the custody and control of the State, and the State may want to assert privileges over them that Martuscello's counsel would not seek to raise.

Plaintiff expressed concern about how the State's review and assertion of privileges over emails would work as a practical matter, and whether Martuscello's counsel would insist on a separate additional review that would further delay production.  Plaintiff also offered to enter into

a claw-back agreement, pursuant to which ESI could be produced with minimal review, without waiving any privileges. The AAGs indicated they were open to a claw-back agreement and agreed that this would aid in efficiency, though the AAG did not definitively agree to this proposal or specify how much more quickly it would produce the ESI with a claw-back agreement in place.

Counsel for Plaintiff, DOCCS and the State agreed to meet again the week of April 27 and jointly reached out to counsel for Defendant Martuscello to request that they too participate in the next meeting with respect to Martuscello's ESI.

**Plaintiff's Request:**

In Plaintiff's view, closer court supervision of DOCCS's ESI production is needed to keep this process moving forward. The ESI primarily consists of emails for individual Defendants Martuscello, Medbury, and D'Amore, and Plaintiff must obtain these emails to effectively litigate this case. This Court expects the parties in this case to propose case management deadlines by June 3, 2026, *see* ECF. No. 543, but Plaintiff cannot propose dates without knowing when the emails will be produced and the extent to which privilege claims will need to be litigated. To ensure that this process keeps moving forward expeditiously and that production is made on a reasonable timeframe, Plaintiff requests that the Court hold a discovery conference to discuss the following potential resolutions:

1. **Allow Plaintiff's Counsel to Conduct Initial Review:**

   a. Because DOCCS and the NYAG's Office have represented they lack person-hours to review the 270,000 files generated by DOCCS's search, Plaintiff is willing to undertake the burden of conducting the initial review. DOCCS can provide the 270,000 files to Plaintiff's counsel, just as it did to NYAG's office, and Plaintiff's counsel can use its own TAR document review system to identify the relevant documents it might use in this case. Plaintiff agrees that

6

these files would remain strictly confidential and privileges would not be waived. Plaintiff's counsel estimates it can accomplish this task within 60-90 days of receipt of the ESI files.

b.    To prevent the waiver of any privileges that could be asserted by DOCCS or the individual defendants whose emails are produced, Plaintiff is willing to enter into a "claw-back" agreement that would permit these privileges to be asserted after Plaintiff identifies the relevant emails and produces them back to those parties, DOCCS and NYAG's office for review.  This will vastly reduce the burden on NYAG because it will only need to review a small fraction of the 270,000 files.

**2. DOCCS and NYAG Remain In Charge of the Review and Production Process, But with Closer Supervision of Subpoena Compliance**

If Plaintiff's first proposal is not acceptable, and if Plaintiff cannot access the emails until after NYAG's office completes its review and production, then Plaintiff asks that the Court impose the following requirements, to ensure that production occurs on a reasonable timetable.

a.    Defendant Martuscello's counsel should be required to confer with counsel for the State and DOCCS to develop a plan for reviewing and producing Defendant Martuscello's ESI.  If Defendant Martuscello and the State anticipate that they each need to separately review his ESI for privilege, they must work collaboratively to do so, and generate joint privilege logs on a rolling basis that are sufficiently detailed to allow Plaintiff's counsel to evaluate the claims of privilege and, if necessary, timely challenge them in federal court;

b.    Counsel for Plaintiff, DOCCS, and Defendant Martuscello should be required to attend a conference with the court to develop a process and schedule for timely review and production of DOCCS's ESI.  If DOCCS or Martuscello would like to involve AAGs Jensen or Callery in such conference, Plaintiff welcomes their participation as well.

**DOCCS's Position:**

The parties continue to interact well and progress forward in good faith. DOCCS has already substantially complied with Plaintiff's subpoena, having produced tens of thousands of pages of responsive records. With respect to the remaining outstanding documentary requests, DOCCS is currently reviewing the OSI investigation files and will begin producing them on a rolling basis. DOCCS expects to complete this production by May 8, 2026. DOCCS has provided the majority of the requested Incarcerated Individual Disciplinary records and will continue to produce them on a rolling basis as well. DOCCS anticipates its final production of those materials by May 1, 2026.

On the issue of ESI, DOCCS lacks the personnel and technological resources to undertake a timely review of approximately 270,000 email files and attachments. With available staff working at industry standard rates, it would take DOCCS years to review, screen, potentially redact and produce all of these files and attachments. The review process is critically vital to DOCCS' business operations as the majority of the emails are likely irrelevant to this action and contain sensitive operational, confidential and/or privileged information created, exchanged and/or received by high-ranking DOCCS officials.

The parties have agreed that DOCCS coordination with the Office of the Attorney General (OAG) for reviewing the ESI is the most efficient way to produce the material. The OAG has the technological resources and staff unavailable to DOCCS and is currently in the process of onboarding additional staff to assist with the review. These resources will greatly reduce the time needed to review and produce these records. The six-month timeline provided by the OAG to review and produce the approximate 270,000 email files and records is due to the sheer volume of documents at issue.

Given the sensitive nature of the email files and other records at issue, DOCCS respectfully and strenuously rejects Plaintiff's proposal to provide the ESI to Plaintiff to conduct an initial review – even with a "claw-back" provision. As outlined above, these records will contain highly sensitive and privileged information. DOCCS must first have these records reviewed by counsel prior to their production to the Plaintiff or any other third party.

DOCCS proposes that the parties continue to work in good faith to complete DOCCS's compliance with the subpoena.

Respectfully submitted:

/s/ Kate Schwartz
*Counsel for Plaintiff*

Stephen G. Schwarz
Josh M. Mankoff
FARACI LANGE, LLP
1822 South Winton Road, Suite 1
Rochester, New York 14618
Tel: 585.325.5150
Fax: 585.325.3285
sschwarz@faraci.com
jmankoff@faraci.com

Elizabeth Mazur
Kate Schwartz
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
Tel: (312) 604-2726
Fax: (312) 604-2726
emazur@hsplegal.com
kschwartz@hsplegal.com

**CERTIFICATE OF SERVICE**

I, Kate Schwartz, hereby certify that on April 17, 2026, I caused the Joint Status Report of

Plaintiff and DOCCS to be served: a) on all counsel of record the ECF system by electronically

filing the same on the CM/ECF system, and also b) on the following, by the methods listed below:

    Michael Fisher (via email and U.S. mail)
    124 South Crescent Dr.
    Rome, NY 13440
    mdf2196456@gmail.com

    Michael Mashaw (via U.S. mail)
    DIN: 25R3903
    Woodbourne Correctional Facility
    99 Prison Road
    P.O. Box 1000
    Woodbourne, NY 12788-1000

    Glenn Trombley (via U.S. mail)
    10186 Washington St.
    Copenhagen, NY 13626

    Christopher Walrath (via U.S. mail)
    DIN: 25B1895
    Clinton Correctional Facility
    1156 Rt. 374
    P.O. Box 2001
    Dannemora, NY 12929-2000

    David Kingsley (via U.S. mail)
    DIN: 25B4105
    Elmira Correctional Facility
    1879 Davis Street
    P.O. Box 500
    Elmira, NY 14901-0500

    Department of Corrections and Community Supervision (via email)
    Office of Counsel
    Patrick Domery
    patrick.domery@doccs.ny.gov

    /s/ Kate Schwartz    