UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

BRIAN LAUDADIO, Monroe County Public
Administrator, in his capacity as Administrator of the
ESTATE OF ROBERT L. BROOKS SR,

                Plaintiff,

        -against-

ANTHONY FARINA, MATTHEW GALLIHER,
NICHOLAS ANZALONE, DAVID KINGSLEY,
NICHOLAS KIEFFER, ROBERT KESSLER, MICHAEL
FISHER, CHRISTOPHER WALRATH, MICHAEL
ALONG, SHEA SCHOFF, DAVID WALTERS,
MICHAEL MASHAW, GLENN TROMBLEY, KYLE
DASHNAW, ABEDIN MEHMEDOVIC, SHERRI
ABREU, STEVEN CAUFIELD, BOBBI BEDIENT,
TRAVIS TABOR, JOHN BANKERT, JARED POPEIL,
DANIELLE MEDBURY, MICHAEL D'AMORE,
DANIEL MARTUSCELLO III, and other as yet
identified individuals,

                Defendants.
-------------------------------------------------------------------X

Case No.: 9:25-cv-00068-AMN-ML

**ANSWER TO SECOND
AMENDED COMPLAINT**

        Defendant, ABEDIN MEHMEDOVIC, by his attorneys Milber Makris Plousadis &

Seiden, LLP, as and for his Answer to the Second Amended Complaint of Plaintiff (ECF No. 469),

dated February 23, 2026, alleges upon information and belief as follows:

## INTRODUCTION

        1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs "1", "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "12",

"13", "14", "15", "16", "17" and "18" of the Second Amended Complaint.

## JURISDICTION AND VENUE

        2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs "19", "20" and "21" of the Second Amended Complaint and

refers all questions of law to this Honorable Court.

## PARTIES

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "22" and "23" of the Second Amended Complaint.

4.      Denies each and every allegation contained in paragraph "24" of the Second Amended Complaint in the form alleged.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "25", "26", "27" and "28" of the Second Amended Complaint.

## FACTS

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "29", "30", "31", "32" and "33" of the Second Amended Complaint.

### Robert is Beaten at Mohawk on December 8 and December 9

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52" and "53" of the Second Amended Complaint.

### Mohawk Staff Decide to Transfer Robert to Marcy for His Safety

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "54", "55", "56", "57", "58", "59", "60", "61" and "62" of the Second Amended Complaint.

### Robert Arrives at Marcy With a "Problem Child" Label

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "63", "64", "65", "66", "67", "68" and "69" of the Second Amended Complaint.

10. Denies each and every allegation contained in paragraph "70" of the Second Amended Complaint as to Defendant Mehmedovic, and as to all other defendants denies knowledge or information sufficient to form a belief as to the truth of the allegations.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "71", "72" and "73" of the Second Amended Complaint.

### Marcy Staff Prepare to Deal With a "Problem Child"

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "74", "75", "76", "77", "78", "79", "80", "81", "82", "83", "84", "85", "86", "87", "88", "89", "90", "91", "92", "93" and "94" of the Second Amended Complaint.

### Defendants Walrath, Kessler, Kieffer, and Anzalone
### Subject Robert to Excessive Force in the Marcy Breezeway

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", "105", "106", "107", "108", "109", "110", "111", "112", "113", "114" and "115" of the Second Amended Complaint.

### Defendants Caufield, Tabor, Bankert, Bedient and Popiel
### Witness the Marcy Breezeway Assault

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "116", "117", "118", "119", "120", "121", "122", "123", "124", "125", "126", "127", "128", "129", "130", "131" and "132" of the Second Amended Complaint.

**Defendants Kieffer, Kessler, and Anzalone Escort
Robert Down the Walkway and Continue to Use Excessive Force Against Him**

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "133", "134", "135", "136" and "137" of the Second Amended Complaint.

**Defendants Kieffer Calls a "Red Dot" Response to the Package Room Area**

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "138", "139" and "140" of the Second Amended Complaint.

**Defendants Caufield, Tabor, Bankert, Bedient, and Popiel, Meanwhile
Remain Deliberately Indifferent**

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "141", "142", "143" and "144" of the Second Amended Complaint.

**Defendants Trombley, Mashaw, Farina, Galliher, and Kingsley
Join the Group on the Walkway**

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "145", "146", "147", "148", "149", "150", "151", "152", "153", "154", "155", "156", "157", "158", "159", "160", "161", "162", "163", "164", "165", "166" and "167" of the Second Amended Complaint.

**Defendants in the Infirmary Know Robert Faces a Substantial Risk
of Serious Harm in the Infirmary ER Room**

19.     Denies each and every allegation contained in paragraphs "168", "169", "170", "171" and "172" of the Second Amended Complaint as to Defendant Mehmedovic, and as to all other defendants denies knowledge or information sufficient to form a belief as to the truth of the allegations.

20.     Denies each and every allegation contained in paragraph "173" of the Second Amended Complaint in the form alleged.

21.     Denies each and every allegation contained in paragraph "174" of the Second Amended Complaint as to Defendant Mehmedovic, and as to all other defendants denies knowledge or information sufficient to form a belief as to the truth of the allegations.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "175" of the Second Amended Complaint.

23.     Denies each and every allegation contained in paragraph "176" of the Second Amended Complaint in the form alleged.

24.     Denies each and every allegation contained in paragraph "177" of the Second Amended Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "178", "179" and "180" of the Second Amended Complaint.

**Robert Is Beaten Inside the Infirmary ER Room Between 9:22 p.m. and 9:32 p.m.**

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "181", "182", "183", "184", "185", "186", "187", "188", "189", "190", "191", "192", "193", "194", "195", "196", "197", "198", "199", "200", "201", "202", "203", "204", "205", "206", "207", "208", "209" and "210" of the Second Amended Complaint.

**Defendants Fail to Intervene and Protect Robert Between 9:22 p.m. and 9:32 p.m.**

27.     Denies each and every allegation contained in paragraphs "211", "212", "213", "214" and "215" of the Second Amended Complaint as to Defendant Mehmedovic, and as to all other defendants denies knowledge or information sufficient to form a belief as to the truth of the allegations.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "216" of the Second Amended Complaint.

29.     Denies each and every allegation contained in paragraphs "217" and "218" of the Second Amended Complaint as to Defendant Mehmedovic, and as to all other defendants denies knowledge or information sufficient to form a belief as to the truth of the allegations.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "219" of the Second Amended Complaint.

**All Marcy Defendants Were Acting Within The Scope of Their Employment, Despite Their Misconduct**

31.     Denies each and every allegation contained in paragraph "220" of the Second Amended Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "221" of the Second Amended Complaint.

33.     Denies each and every allegation contained in paragraph "222" of the Second Amended Complaint.

34.     Denies each and every allegation contained in paragraph "223" of the Second Amended Complaint as to Defendant Mehmedovic, and as to all other defendants denies knowledge or information sufficient to form a belief as to the truth of the allegations.

35.     Denies each and every allegation contained in paragraph "224" of the Second Amended Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "225", "226", "227", "228", "229", "230", "231" and "232" of the Second Amended Complaint.

**Marcy Medical Staff Finally Enter the ER Room at 9:32 p.m.**

37.    Denies each and every allegation contained in paragraph "233" of the Second Amended Complaint in the form alleged.

38.    Denies each and every allegation contained in paragraphs "234" and "235" of the Second Amended Complaint.

39.    Denies each and every allegation contained in paragraph "236" of the Second Amended Complaint in the form alleged.

40.    Denies each and every allegation contained in paragraph "237" of the Second Amended Complaint.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "238" and "239" of the Second Amended Complaint.

**Ranking Officers Coordinate a Cover Up**

42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "240", "241", "242", "243", "244", "245", "246", "247", "248", "249", "250", "251", "252", "253", "254", "255", "256" and "257" of the Second Amended Complaint.

**Defendants Martuscello, D'Amore, Medbury, and Other As Yet Known Supervisory Defendants Are Responsible for Robert's Fatal Beating**

43.    Denies each and every allegation contained in paragraph "258" of the Second Amended Complaint as to Defendant Mehmedovic, and as to all other defendants denies knowledge or information sufficient to form a belief as to the truth of the allegations.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "259", "260", "261", "262", "263", "264", "265", "266", "267", "268" and "269" of the Second Amended Complaint.

7

45.     Denies each and every allegation contained in paragraphs "270" and "271" of the Second Amended Complaint as to Defendant Mehmedovic, and as to all other defendants denies knowledge or information sufficient to form a belief as to the truth of the allegations.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "272", "273", "274" and "275" of the Second Amended Complaint.

47.     Denies each and every allegation contained in paragraph "276" of the Second Amended Complaint as to Defendant Mehmedovic, and as to all other defendants denies knowledge or information sufficient to form a belief as to the truth of the allegations.

### Illustrations of the De Facto Policy At Marcy Correctional Facility

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "277", "278", "279", "280", "281", "282", "283", "284", "285", "286", "287", "288", "289", "290", "291", "292", "293", "294", "295", "296", "297", "298", "299", "300", "301", "302", "303", "304", "305", "306", "307", "308", "309", "310", "311", "312", "313", "314", "315", "316", "317", "318", "319", "320", "321", "322" and "323" of the Second Amended Complaint.

### Evidence of the De Facto Policy Across NYSDOCCS Facilities

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "324", "325", "326", "327", "328", "329", "330", "331", "332", "333", "334", "335", "336", "337", "338", "339", "340", "341", "342", "343", "344", "345", "346", "347", "348", "349", "350", "351", "352", "353", "354", "355", "356", "357", "358", "359", "360" and "361" of the Second Amended Complaint.

**Events Following Robert's Killing Further
Demonstrate the De Facto Policies In This Complaint**

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "362", "363", "364", "365", "366", "367", "368", "369", "370", "371", "372", "373", "374", "375", "376", "377", "378", "379", "380", "381", "382" and "383" of the Second Amended Complaint.

## AS AND FOR AN ANSWER TO COUNT 1 – 42 U.S.C. § 1983 – EIGHTH AMENDMENT

51.    As and for a response to the allegations in paragraph "384" of the Second Amended Complaint, defendant repeats, reiterates and re-alleges each and every answer set forth in response to paragraphs "1" through "383", as if fully set forth at length herein.

52.    Denies each and every allegation contained in paragraph "385" of the Second Amended Complaint.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "386", "387" and "388" of the Second Amended Complaint.

54.    Denies each and every allegation contained in paragraphs "389", "390", "391", "392" and "393" of the Second Amended Complaint.

## AS AND FOR AN ANSWER TO COUNT 2 – 42 U.S.C. § 1983 – FAILURE TO PROTECT

55.    As and for a response to the allegations in paragraph "394" of the Second Amended Complaint, defendant repeats, reiterates and re-alleges each and every answer set forth in response to paragraphs "1" through "393", as if fully set forth at length herein.

56.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "395", "396", "397", "398", "399", "400" and "401" of the Second Amended Complaint.

**AS AND FOR AN ANSWER TO COUNT 3 – 42 U.S.C. § 1983 –**
**STATE LAW NEGLIGENCE, GROSS NEGLIGENCE AND WRONGFUL DEATH**

57.     As and for a response to the allegations in paragraph "402" of the Second Amended Complaint, defendant repeats, reiterates and re-alleges each and every answer set forth in response to paragraphs "1" through "401", as if fully set forth at length herein.

58.     Denies each and every allegation contained in paragraph "403" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

59.     Denies each and every allegation contained in paragraphs "404" and "405" of the Second Amended Complaint

**AS AND FOR AN ANSWER TO DAMAGES**

60.     Denies each and every allegation contained in paragraphs "406", "407", "408" and "409" of the Second Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

61.     The Second Amended Complaint fails to state a cause of action against the Answering Defendant upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

62.     Plaintiff's Second Amended Complaint should be dismissed for lack of subject matter jurisdiction.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

63.     In the event a verdict or decision is rendered in favor of the plaintiff against the answering defendant, the answering defendant is entitled to limitations on liability as set forth in Article 16 of the C.P.L.R.

10

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

64.    The relative culpability of each person who is or may be liable to contribute any liability for the damages alleged by the plaintiff in this action should be determined in accordance with the decisional and statutory law of the State of New York in such cases made and provided, and the equitable share of each person liable for contribution should be determined and apportioned in accordance with the relative culpability of each person, if any, pursuant to Article 14 of the Civil Practice Law and Rules.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

65.    Upon information and belief, some or all of the damages alleged in the plaintiff's Second Amended Complaint are barred as there is no causal relationship between any acts or omissions by this answering Defendant and the damages, if any, suffered by the Plaintiff is subject to the qualifications and limitations of the provisions of Section 4545 of the C.P.L.R.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

66.    Upon information and belief, any past or future costs for expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodian care or rehabilitative services, loss of earnings or other economic loss, have been or will be, with reasonable certainty, replaced or indemnified in whole or in part from collateral sources as defined in Section 4545(c) of the C.P.L.R.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

67.    This action is barred by the applicable statute of limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

68.    In the event that the Plaintiff has or should in the future settle any portion of this claim arising from the allegations contained in the Second Amended Complaint with any currently

11

named or to be named Defendant, the respective rights of the remaining parties should be determined pursuant to Section 15-108 of the General Obligations Law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

69.     Whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom this answering Defendant had no control.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

70.     Answering Defendant is entitled to qualified immunity from liability under 42 U.S.C. § 1983 because his alleged conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

71.     Plaintiff's claims are barred in whole or in part because Answering Defendant was not personally involved in any alleged constitutional violation, as required for liability under 42 U.S.C. § 1983.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

72.     Answering Defendant acted within the scope of his discretionary authority, in good faith, and without malice, and is therefore immune from liability under applicable New York law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

73.     Answering Defendant was not deliberately indifferent to any medical need or substantial risk of harm to the decedent and did not act with the requisite culpable state of mind.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

74.     To the extent Plaintiff asserts liability based on an alleged policy, custom, or failure to supervise, train, or discipline, no such policy, practice, or custom existed, and Answering Defendant was not deliberately indifferent to any constitutional rights.

**AS AND FOR A CROSSCLAIM AGAINST ANTHONY FARINA, MATTHEW GALLIHER, NICHOLAS ANZALONE, DAVID KINGSLEY, NICHOLAS KIEFFER, ROBERT KESSLER, MICHAEL FISHER, CHRISTOPHER WALRATH, MICHAEL ALONG, SHEA SCHOFF, DAVID WALTERS, MICHAEL MASHAW, GLENN TROMBLEY, SHERRI ABREU, STEVEN CAUFIELD, BOBBI BEDIENT, TRAVIS TABOR, JOHN BANKERT, JARED POPEIL, DANIELLE MEDBURY, MICHAEL D'AMORE, DANIEL MARTUSCELLO III, and other as yet identified individuals**

75.     That if the Plaintiff/Decedent sustained any damages at the time and place alleged in the Second Amended Complaint through any acts or omissions other than the Plaintiff/Decedent's own, such damages were caused by the culpable conduct of **ANTHONY FARINA, MATTHEW GALLIHER, NICHOLAS ANZALONE, DAVID KINGSLEY, NICHOLAS KIEFFER, ROBERT KESSLER, MICHAEL FISHER, CHRISTOPHER WALRATH, MICHAEL ALONG, SHEA SCHOFF, DAVID WALTERS, MICHAEL MASHAW, GLENN TROMBLEY, SHERRI ABREU, STEVEN CAUFIELD, BOBBI BEDIENT, TRAVIS TABOR, JOHN BANKERT, JARED POPEIL, DANIELLE MEDBURY, MICHAEL D'AMORE, DANIEL MARTUSCELLO III, and other as yet identified individuals**, and if any judgment is obtained against this Answering Defendant, then this Answering Defendant demands judgment over against **ANTHONY FARINA, MATTHEW GALLIHER, NICHOLAS ANZALONE, DAVID KINGSLEY, NICHOLAS KIEFFER, ROBERT KESSLER, MICHAEL FISHER, CHRISTOPHER WALRATH, MICHAEL ALONG, SHEA SCHOFF, DAVID WALTERS, MICHAEL MASHAW, GLENN TROMBLEY, SHERRI ABREU, STEVEN CAUFIELD, BOBBI BEDIENT, TRAVIS TABOR, JOHN BANKERT, JARED POPEIL, DANIELLE MEDBURY, MICHAEL D'AMORE, DANIEL MARTUSCELLO III, and other as yet identified individuals**, for contribution pursuant to CPLR Article 14 and/or indemnity for any part or all of the judgment awarded.

## JURY DEMAND

76.    Pursuant to Federal Rule of Civil Procedure 38, Defendant Mehmedovic hereby demands a trial by jury as to all issues so triable.

**WHEREFORE**, the defendant, ABEDIN MEHMEDOVIC, demands judgment as follows:

(a)    Dismissing the Second Amended Complaint in its entirety;

(b)    Awarding Answering Defendant judgment on his cross-claims;

(c)    Awarding Answering Defendant such other and further relief as may be just and

proper, together with the costs and disbursements of this action.

Dated: Purchase, New York
April 22, 2026

**MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP**

By:_____
        Andrew F. Pisanelli, Esq.
Attorneys for Defendant
*Abedin Mehmedovic*
100 Manhattanville Road, Suite 4E20
Purchase, New York 10577
(914) 231-8025
apisanelli@milbermakris.com
File No.: 1262-30923
Bar Roll No.: 706313

TO:    See attached Certificate of Service

14

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2026, I electronically filed the within Answer to Second Amended Complaint with the Clerk of the court using the CM/ECF system, thereby serving a copy of the same on counsel listed below:

Elizabeth Mazur
Kate Schwartz
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison Street Suite 4000
Chicago, Illinois 60602
Tel: 312.580.0100
Fax: 312.580.1994
emazur@hsplegal.com
kschwartz@hsplegal.com
*Attorneys for Plaintiff*

Stephen G. Schwarz
Lesley E. Niebel
Faraci Lange, LLP
1822 South Winton Road, Suite 1
Rochester, New York 14618
Tel: 585.325.5150
Fax: 585.325.3285
sschwarz@faraci.com
lniebel@faraci.com
*Attorneys for Plaintiff*

Kimberly Zimmer
Zimmer Law Office PLLC
120 East Washington Street, Suite 815
Syracuse, New York 13202
Bar Roll No.: 505346
Tel: 315-422-9909
Fax: 315-422-9911
kmz@kimzimmerlaw.com
*Attorney for Shea Schoff*

William A. Scott
Assistant Attorney General
Attorney General of the State of New York
The Capitol
Albany, New York 12224
Bar Roll No.: 512434
Tel: 518-776-2255
William.Scott@ag.ny.gov
*Attorney for Daniel Martuscello III*

Brady J. O'Malley
Nave Law Firm
231 Walton St
Syracuse, NY 13202
Bar Roll No.: 517407
Tel: 315-551-7438
brady@naveteam.com
*Attorney for Kyle Dashnaw*

Thomas J. Murphy, Esq.
Hancock Estabrook, LLP
1800 AXA Tower 1
100 Madison St.
Syracuse, NY 13202
Bar Roll No.: 102248
Tel: 315-565-4572
Tjmurphy@hancocklaw.com
*Attorney for Defendant Danielle Medbury*

Michael D. Assaf
Assaf & Siegal PLLC,
16 Corporate Woods Blvd.,
Albany, NY 12211
Bar Roll No.: 505592
Tel: 518-431-1000
Fax: 518-465-7200
massaf@assafandsiegal.com
*Attorney for Robert Kessler*

James L. Riotto II 4876488
The Law Office of James L. Riotto
30 W. Broad Street Suite 100
Rochester, NY 14614
Tel: 585-546-4001
Fax: 585-219-6242
Jriotto@riottolaw.com
*Attorney for Anthony Farina*

15

Andrew R. Safranko 510803
Nicholas J. Evanovich III 520762
Lily G. Killar 705214
LaMarche Safranko Law PLLC
987 New Loudon Road
Cohoes, NY 12047
Tel: 518-982-0770
Fax: 518-982-0773
ASafranko@LSLawNY.com
NEvanovich@LSLawNY.com
LKillar@LSLawNY.com
*Attorneys for Nicholas Anzalone*

Stephen A. Davoli
Sugarman Law Firm LLP
211 West Jefferson Street
Syracuse, NY 13202
315-474-2943
Fax: 315-474-0235
sdavoli@sugarmanlaw.com
*Attorneys for Michael Along*

Paul Tuck, Esq.
Paul Tuck Attorney at Law PLLC
P.O. Box 44
Manlius, New York 13104
(315) 314-4545
paul@paultucklaw.com
*Attorneys for David Walters*

Elizabeth M. Harmon
Kevin A. Luibrand
Luibrand Law Firm, PLLC
950 New Loudon Road - Suite 270
Latham, NY 12110
518-488-8538
eharmon@luibrandlaw.com
*Attorneys for Matthew Galliher*

Alexandra Von Stackelberg
Capezza Hill LLP
30 South Pearl Street - Suite P-110
Albany, NY 12207
518-478-6065
allee@capezzahill.com
*Attorneys for Michael Mashaw*

I further hereby certify that on April 22, 2026, I caused copies of the within Answer to Second Amended Complaint to be served on the Pro Se Defendants listed below by U.S. mail:

Christopher Walrath
DIN 25B1895
Clinton Correctional Facility
1156 Rt. 374
P.O. Box 2001
Dannemora, New York 12929

David Kingsley
DIN 25B4105
Elmira Correctional Facility
1879 Davis Street
P.O. Box 500
Elmira, New York 14901

16

Michael Mashaw
DIN 25R3903
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, New York 12788

Danielle Medbury
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788

Michael Fisher
124 South Crescent Drive
Rome, New York 13440

ANDREW F. PISANELLI