UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRIAN LAUDADIO, Monroe County Public
Administrator, in his capacity as
Administrator of the ESTATE OF ROBERT
L. BROOKS SR.,

                    *Plaintiff,*

        vs.

ANTHONY FARINA, MATTHEW
GALLIHER, NICHOLAS ANZALONE,
DAVID KINGSLEY, NICHOLAS KIEFFER,
ROBERT KESSLER, MICHAEL FISHER,
CHRISTOPHER WALRATH, MICHAEL
ALONG, SHEA SCHOFF, DAVID
WALTERS, MICHAEL MASHAW, GLENN
TROMBLEY, KYLE DASHNAW, ABEDIN
MEHMEDOVIC, SHERRI ABREU,
STEVEN CAUFIELD, BOBBI BEDIENT,
TRAVIS TABOR, JOHN BANKERT, JARED
POPEIL, DANIELLE MEDBURY,
MICHAEL D'AMORE, DANIEL
MARTUSCELLO III, and other as yet
identified individuals.,

                    *Defendants.*

---

**ANSWER TO SECOND
AMENDED COMPLAINT**

Case No.:
**9:25-cv-0068-AMN-ML**

---

Defendant, **JOHN BANKERT**, by his attorneys, Smith, Sovik, Kendrick &

Sugnet, P.C., for his Answer to Plaintiff's Second Amended Complaint, states as

follows:

## INTRODUCTION

1.     **DENIES** the allegations in paragraphs 1, 2, 4, 5, 6, 7, 8, 17, and 18 of

the Second Amended Complaint to the extent they pertain or refer to the answering

defendant; otherwise **DENIES** knowledge or information sufficient to form a belief

1

as to the truth of the allegations in paragraphs 1, 2, 4, 5, 6, 7, 8, 17, and 18 of the Second Amended Complaint.

2. To the extent the allegations in paragraph 3 of the Second Amended Complaint contain conclusions of law, no response is required; otherwise, **DENIES** the allegations in paragraph 3 of the Second Amended Complaint to the extent they pertain or refer to the answering defendant; otherwise **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Second Amended Complaint.

3. To the extent the allegations in paragraph 9 of the Second Amended Complaint contain conclusions of law, no response is required; otherwise, **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Second Amended Complaint.

4. **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 10, 11, 12, 13, 14, 15, and 16 of the Second Amended Complaint.

## JURISDICTION AND VENUE

5. To the extent the allegations in paragraphs 19, 20, and 21 of the Second Amended Complaint contain conclusions of law, no response is required; otherwise, **DENIES** the allegations in paragraphs 19, 20, and 21 of the Second Amended Complaint.

## PARTIES

6. **DENIES** knowledge or information sufficient to form a belief as to the

2

truth of the allegations in paragraphs 22, 24, and 27 of the Second Amended Complaint.

7.    **ADMITS** the allegations in paragraph 23 of the Second Amended Complaint to the extent they allege answering defendant was employed by the State of New York and that, on information and belief, the other individuals referenced therein were employed by the State of New York; otherwise, **DENIES** the allegations in paragraph 23 of the Second Amended Complaint to the extent they pertain or refer to the answering Defendant; otherwise, **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Second Amended Complaint.

8.    **ADMITS** the allegations in paragraph 25 of the Second Amended Complaint to the extent Defendant Danielle Medbury had the roles and titles alleged therein; otherwise, **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Second Amended Complaint.

9.    **ADMITS** the allegations in paragraph 26 of the Second Amended Complaint to the extent Defendant D' Amore had the roles and titles alleged therein; otherwise, **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Second Amended Complaint.

10.    To the extent the allegations in paragraph 28 of the Second Amended Complaint contain conclusions of law, no response is required; otherwise, **DENIES** the allegations in paragraph 28 of the Second Amended Complaint to the extent they pertain or refer to the answering defendant; otherwise **DENIES** knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Second Amended Complaint.

## FACTS

11.    **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 69, 72, 73, 74, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 93, 96, 97, 98, 99, 100, 101, 102, 103, 104, 107, 109, 117, 119, 120, 121, 133, 134, 135, 136, 138, 141, 142, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 158, 159, 160, 161, 162, 163, 165, 166, 167, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 193, 196, 197, 198, 199, 200, 201, 202, 204, 206, 207, 208, 210, 212, 213, 214, 215, 216, 218, 223, 225, 226, 227, 230, 231, 233, 234, 235, 236, 237, 238, 239, 240, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 256, 259, 260, 261, 264, 268, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 335, 337, 340, 341, 342, 343, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 363, 364, 375, 376, 378, 379, 380, 381, and 382 of the Second Amended Complaint.

12.    **DENIES** in the form alleged the allegations in paragraphs 64, 94 and 143 of the Second Amended Complaint to the extent they pertain or refer to the answering defendant; otherwise, **DENIES** knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraphs 64, 94 and 143 of the Second Amended Complaint.

13. **DENIES** the allegations in paragraphs 65, 66, 67, 68, 70, 92, 108, 110, 111, 112, 113, 115, 116, 118, 128, 129, 130, 131, 132, 144, 168, 241, 257, 265, 266, 267, 269, 270, 271, 272, 273, 275, 277, 319, 320, 333, 334, 336, 339, 344, 360, 361, 366, 369, and 371 of the Second Amended Complaint to the extent they pertain or refer to the answering defendant; otherwise, **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 65, 66, 67, 68, 70, 92, 108, 110, 111, 112, 113, 115, 116, 118, 128, 129, 130, 131, 132, 144, 168, 241, 257, 265, 266, 267, 269, 270, 271, 272, 273, 275, 277, 319, 320, 333, 334, 336, 339, 344, 360, 361, 366, 369, and 371 of the Second Amended Complaint.

14. **ADMITS** the allegations in paragraph 71 of the Second Amended Complaint.

15. **ADMITS** the allegations in paragraph 75 of the Second Amended Complaint to the extent Kessler was responsible for processing in-drafts into the facility; otherwise, **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Second Amended Complaint.

16. **DENIES** in the form alleged the allegations in paragraphs 76 and 95 of the Second Amended Complaint.

17. To the extent the allegations in paragraphs 105, 106, 137, 157, 164, 192, 194, 195, 203, 205, 209, 211, 217, 219, 224, 228, 229, 232, 258, 274, 338, 362, 377, and 383 of the Second Amended Complaint contain conclusions of law, no response is

required; otherwise, **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 105, 106, 137, 157, 164, 192, 194, 195, 203, 205, 209, 211, 217, 219, 224, 228, 229, 232, 258, 274, 338, 362, 377, and 383 of the Second Amended Complaint.

18.     To the extent the allegations in paragraphs 114, 122, 125, 126, 140, 179, 220, 221, 222, 255, 262, 263, 276, 365, 367, 368, 370, 372, 373, and 374 of the Second Amended Complaint contain conclusions of law, no response is required; otherwise, **DENIES** the allegations in paragraphs 114, 122, 125, 126, 140, 179, 220, 221, 222, 255, 262, 263, 276, 365, 367, 368, 370, 372, 373, and 374 of the Second Amended Complaint to the extent they pertain or refer to the answering defendant; otherwise, **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 114, 122, 125, 126, 140, 179, 220, 221, 222, 255, 262, 263, 276, 365, 367, 368, 370, 372, 373, and 374 of the Second Amended Complaint.

19.     **ADMITS** the allegations in paragraph 123 of the Second Amended Complaint to the extent Bedient held the rank of lieutenant; otherwise, **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Second Amended Complaint.

20.     To the extent the allegations in paragraphs 124 and 127 of the Second Amended Complaint contain conclusions of law, no response is required; otherwise, **DENIES** in the form alleged the allegations in paragraphs 124 and 127 of the Second Amended Complaint to the extent they pertain or refer to the answering defendant; otherwise, **DENIES** knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraphs 124 and 127 of the Second Amended Complaint.

21.     **DENIES** the allegations in paragraph 139 of the Second Amended Complaint.

22.     **ADMITS** the allegations in paragraph 156 of the Second Amended Complaint to the extent Kingsley and Galliher were on duty as Marcy correctional officers; otherwise, **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the Second Amended Complaint.

## AS TO COUNT 1

23.     In response to paragraph 384 of the Second Amended Complaint, answering defendant restates and incorporates by reference his responses to paragraphs 1 through 383 as set forth above.

24.     To the extent the allegations in paragraphs 385, 388, 389, 391, 392 and 393 of the Second Amended Complaint contain conclusions of law, no response is required; otherwise, **DENIES** the allegations in paragraphs 385, 388, 389, 391, 392 and 393 of the Second Amended Complaint to the extent they pertain or refer to the answering defendant; otherwise, **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 385, 388, 389, 391, 392 and 393 of the Second Amended Complaint.

25.     **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 386 of the Second Amended Complaint.

26.     To the extent the allegations in paragraphs 387, and 390 of the Second Amended Complaint contain conclusions of law, no response is required; otherwise,

7

**DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 387, and 390 of the Second Amended Complaint.

## AS TO COUNT 2

27.    In response to paragraph 394 of the Second Amended Complaint, answering defendant restates and incorporates by reference his responses to paragraphs 1 through 393 as set forth above.

28.    To the extent the allegations in paragraphs 395, 396, 397, 398, 399, 400, and 401 of the Second Amended Complaint contain conclusions of law, no response is required; otherwise, **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 395, 396, 397, 398, 399, 400, and 401 of the Second Amended Complaint.

## AS TO COUNT 3

29.    In response to paragraph 402 of the Second Amended Complaint, answering defendant restates and incorporates by reference his responses to paragraphs 1 through 401 as set forth above.

30.    To the extent the allegations in paragraph 403 of the Second Amended Complaint contain conclusions of law, no response is required; otherwise, **DENIES** the allegations in paragraph 403 of the Second Amended Complaint to the extent they pertain or refer to the answering defendant; otherwise, **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 403 of the Second Amended Complaint.

31.    To the extent the allegations in paragraphs 404, and 405 of the Second

Amended Complaint contain conclusions of law, no response is required; otherwise, **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 404, and 405 of the Second Amended Complaint.

## AS TO DAMAGES

32. To the extent the allegations in paragraphs 406, 407, 408 and 409 of the Second Amended Complaint contain conclusions of law, no response is required; otherwise, **DENIES** the allegations in paragraphs 406, 407, 408 and 409 of the Second Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

33. The Second Amended Complaint fails in whole or in part to state a cause of action against the answering Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

34. The Second Amended Complaint in whole or in part does not plead any claim or cause of action for legally cognizable and/or recoverable damages against the answering Defendant and the damages purportedly sought are not recoverable under governing statutory or decisional law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

35. Upon information and belief, the Plaintiff herein does not have standing and/or legal capacity to sue the answering Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

36. Answering Defendant is immune or otherwise shielded from suit pursuant to the doctrine of Qualified Immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

37.    Answering Defendant was not personally involved in the events which allegedly constituted a deprivation of constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

38.    Plaintiff's damages, if any, were brought about, in whole or in part, by the acts/omissions or other culpable conduct of Plaintiff's decedent, without any wrongful, negligent, culpable, or other violative acts/omissions/conduct on the part of the answering Defendant; accordingly, in the event of any judgment or recovery in Plaintiff's favor, said judgment or recovery should be reduced in accordance with Article 14 of the NY Civil Practice Law and Rules ("CPLR").

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

39.    Plaintiff's damages, if any, were brought about, in whole or in part, by the acts/omissions or other culpable conduct of those over whom answering Defendant exercised no supervision of control, without any wrongful, negligent, culpable, or other violative acts/omissions/conduct on the part of the answering Defendant; accordingly, in the event of any judgment or recovery in Plaintiff's favor against answering Defendant, said judgment or recovery should be reduced in accordance with Article 14 of the CPLR.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

40.    The answering Defendant's liability, if any, is limited by operation of Article 16 of the CPLR.

10

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

41.    Plaintiff's claim is barred by reason of the expiration of the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

42.    Plaintiff and/or Plaintiff's decedent failed to mitigate their damages

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

43.    Answering Defendant did not commit any act or omission with the requisite culpable state of mind, including no evil motive, intent, recklessness, or callousness with regard to Plaintiff's decedent's constitutional rights, and was otherwise not deliberately indifferent to Plaintiff's decedent's medical needs/conditions, and/or with regard to protecting Plaintiff's decedent from a substantial risk of serious harm.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

44.    Plaintiff's decedent did not exhibit a serious medical condition on any occasion during which Answering Defendant was in his presence and Answering Defendant otherwise did not have knowledge or notice of any serious medical condition experienced or exhibited by Plaintiff's decedent during the relevant period.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

45.    Upon information and belief, any past or future cost for expenses incurred or to be incurred by Plaintiff for medical care, loss of earnings or other economic loss, have been or will be replaced or indemnified in whole or in part from collateral sources as defined in Section 4545(c) of the CPLR.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

46.     To the extent Plaintiff proceeds against answering Defendant on a failure to intervene theory, such claim fails as a matter of law because answering Defendant did not have a reasonable, safe, or otherwise prudent opportunity to timely intervene, and answering Defendant otherwise was never in the presence of or otherwise observed the alleged acts of excessive force upon Plaintiff's decedent.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

47.     Answering Defendant at no time acted willfully or maliciously in disregard of Plaintiff's decedent's constitutional rights and, therefore, Plaintiff is not entitled to punitive damages or other relief.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

48.     Answering Defendant denies any liability, but in the event Defendant is found to have any liability to Plaintiff, Defendant is entitled to an offset against any such liability under New York General Obligations Law 15-108 for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages, and expenses alleged in the Complaint.

12

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

49.    In the event of any finding of liability in Plaintiff's favor, Answering Defendant is entitled to a limitation on damages pursuant to the doctrine of apportionment as provided for under applicable federal common law.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

50.    Plaintiff failed to exhaust administrative remedies.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

51.    Answering Defendant did not commit any act or omission which was a proximate cause of Plaintiff's alleged injuries/damages.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

52.    The Complaint is barred, in whole or in part, under the Eleventh Amendment.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

53.    Plaintiff's alleged damages were caused, in whole or in part, by Plaintiff's decedent's culpable conduct including, but not limited to, pursuant to the doctrine of assumption of the risk, and thus Plaintiff's damages should be barred in whole or in part.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

54.    The injuries complained of in the Complaint were caused by or brought about by intervening and/or superseding acts or omissions of third parties over whom Defendant had no control and for whose acts Defendant is not responsible and it is denied that Plaintiff suffered any injuries from the actions of Defendant.

13

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

55.    To the extent Plaintiff asserts liability based on an alleged policy, custom, or failure to supervise, train, or discipline, no such policy, practice, or custom existed, and Defendant was not deliberately indifferent to, and did not act in a manner violative of, any of Plaintiff's constitutional rights.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

56.    To the extent this action is brought for mental or emotional injury, Plaintiff is barred from proceeding without a prior showing of physical injury.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

57.    To the extent that Plaintiff/Plaintiff's decedent has, on three or more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, Plaintiff is barred from proceeding under 28 U.S.C. § 1915.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

58.    Upon information and belief, Plaintiff's decedent has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending. Pursuant to § 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded to Plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full and therefore Plaintiff may not be entitled to any payment herein.

14

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

59.    Upon information and belief, Plaintiff's decedent has been convicted of one or more felonies or other crimes. Pursuant to § 808 of the Prison Litigation Reform Act of 1995, prior to payment of any compensatory damages to Plaintiff, reasonable efforts shall be made to notify the victims of the crime(s) for which Plaintiff was convicted and incarcerated. Upon information and belief, Plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or he should barred from recovery.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

60.    Defendant demands a trial by jury.

**WHEREFORE**, Defendant, **JOHN BANKERT**, respectfully requests judgment dismissing Plaintiff's Second Amended Complaint in its entirety, with prejudice, or, in the alternative, for any share of liability as may be apportioned by the triers of fact, and that the respective rights and responsibilities of the Defendants to Plaintiff, and amongst themselves, if any, be determined and apportioned accordingly, together with the costs and disbursements of this action, and for such other and further relief the Court deems just and proper.

Dated: April 28, 2026              **SMITH, SOVIK, KENDRICK & SUGNET, P.C.**

By:    _____
Thomas J. DeBernardis, Esq.
*Attorneys for Defendant*
*John Bankert*
Bar Roll No. 701291
250 South Clinton Street, Suite 600
Syracuse, New York 13202
Telephone: (315) 474-2911

TO:   Elizabeth Mazur
      Kate Schwartz
      **HUGHES SOCOL PIERS RESNICK & DTM, LTD.**
      70 W. Madison Street, Suite 4000
      Chicago, Illinois 60602

      Stephen G. Schwarz
      Josh Mankoff
      **FARACI LANGE, LLP**
      1822 South Winton Road, Suite 1
      Rochester, New York 14618

      *Attorneys for Plaintiff*

CC:   *all counsel of record via ECF*

## CERTIFICATION OF SERVICE

I hereby certify that on April 28, 2026, the foregoing Answer on behalf of

Defendant John Bankert was filed electronically with the Clerk of the Court herein

using the Court's Electronic Case Filing (ECF) System and was served on counsel

for all parties of record in this action via the Court's Electronic Case Filing (ECF)

System.

Dated: April 28, 2026

                                SMITH, SOVIK, KENDRICK & SUGNET, P.C.

                        By:     _____
                                Thomas J. DeBernardis, Esq.
                                *Attorneys for Defendant*
                                *John Bankert*
                                Bar Roll No. 701291
                                250 South Clinton Street, Suite 600
                                Syracuse, New York 13202
                                Telephone: (315) 474-2911