UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRIAN LAUDADIO, Monroe County Public
Administrator, in his capacity as Administrator of the
ESTATE OF ROBERT L. BROOKS SR.,

                  Plaintiff,

          -Against-

ANTHONY FARINA, MATTHEW GALLIHER,
NICHOLAS ANZALONE, DAVID KINGSLEY,
NICHOLAS KIEFFER, ROBERT KESSLER,
MICHAEL FISHER, CHRISTOPHER WALRATH,
MICHAEL ALONG, SHEA SCHOFF, DAVID
WALTERS, MICHAEL MASHAW, GLENN
TROMBLEY, KYLE DASHNAW, ABEDIN
MEHMEDOVIC, SHERRI ABREU, STEVEN
CAUFIELD, BOBBI BEDIENT, TRAVIS TABOR,
JOHN BANKERT, JARED POPEIL, DANIELLE
MEDBURY, MICHAEL D'AMORE, DANIEL
MARTUSCELLO III, and other as yet identified individuals.

                Defendants.

9:25-cv-068 AMN-ML

DEFENDANT POPIEL'S
ANSWER TO SECOND
AMENDED COMPLAINT

Defendant, JARED POPIEL (incorrectly named "Jared Popeil"), by and through his attorneys, FINN LAW OFFICES, states as his Answer to the Second Amended Complaint (the "Complaint"), as follows:

- DENIES the allegations contained in Paragraphs 1-8, 14, 17, 18, 92, 385-393, and 406-409 of the Complaint

- DENIES knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 9-13, 15, 16, 22-27, 30-219, 223-383, 385-393, 395-401, 403-405 of the Complaint and therefore DENIES such allegations

- Paragraphs 19, 20, 21, 28, 220-222 state legal conclusions, not factual allegations. Accordingly, no response is required. To the extent a response to these paragraphs is required, answering defendant Popiel DENIES all such legal conclusions.

- Paragraphs 384, 394, and 402 repeat and reallege prior allegations in the Complaint to which no response is required. To the extent a response is required for these paragraphs, answering defendant Popiel DENIES the truth of the allegations in such paragraphs.

- Answering defendant Popiel DENIES any paragraph not specifically referenced in this Answer and DENIES all allegations of wrongdoing whether expressed or implied by the allegations in the Complaint or by the characterizations and conclusions made in headings or subheadings throughout the Complaint.

## **AFFIRMATIVE DEFENSES**

A.  Defendant Popiel did not punch, kick, strike, threaten, or hurt the decedent in any way. Defendant Popiel did not see others engage in behavior that he believed constituted a deprivation of decedent's rights.  In the fast moving and chaotic scene that unfolded before him, he acted in good faith and to the best of his ability given the circumstances. Defendant Popiel is wrongly named as a defendant and will fight to clear his name in this case.

B.  The Complaint fails to state a claim upon which relief can be granted.

C.  Defendant Popiel did not cause any damage to plaintiff and was not personally involved in any violation of plaintiff's constitutional rights.

D.  Defendant Popiel is protected by the doctrine of qualified immunity as he acted under the reasonable belief that his conduct was in accordance with the law.

E.   Defendant has not engaged in any malicious, willful or intentional acts and therefore liability for punitive damages cannot be sustained.

F.   Plaintiff is entitled to an offset or reduction in damages pursuant to New York Obligations Law § 15-108 or the Federal equivalent to the extent other responsible parties are found liable or settle with plaintiff.

G.   Defendant Popiel is not responsible for the acts of other defendants and therefore his liability, if any, should be limited to acts to which a jury decides defendant Popiel was personally involved (and not by way of example for damages caused by co-defendants, other individuals not named, or the decedent himself).

H.   In the event that Plaintiff recovers judgment in the above-entitled action against Defendant Popiel, he is entitled to indemnification and/or contribution, in whole or part, (together with the costs and disbursements of this action), from the remaining defendants and/or the State of New York.

I.   Defendant Popiel was not deliberately indifferent to any medical need or substantial risk of harm to the decedent.

J.   Defendant Popiel  did not fail to intervene as he did not have any clear legal duty to do so given the circumstances presented and therefore there was no realistic chance that his action would have or could have prevented any harm to the decedent.

K.   Plaintiff does not have standing to bring the claims asserted in this Case.

L.   The Complaint is barred, in whole or in part, by the Eleventh Amendment.

M.   Plaintiff failed to exhaust administrative remedies and his claims are otherwise barred under the Prison Litigation Reform Act of 1995 and other similar laws. Alternatively, any

compensation paid to plaintiff must be distributed to victims of crimes for which plaintiff was convicted or incarcerated.

N.  Defendant Popiel is not responsible for the intervening and superseding acts of other defendants or non-parties over which he has no control over.

O.  Plaintiff cannot establish that defendant Popiel's acts proximately caused him any damage or resulted in any violation of plaintiff's constitutional rights.

P.  Defendant Popiel demands a Jury.

Q.  Defendant Popiel demands a separate trial from his co-defendants.

WHEREFORE, the answering defendant demands judgment dismissing the Complaint and any cross-claims in their entirety and awarding answering defendant such other and further relief as may be just and proper, together with the costs and disbursements of this action.

DATED: May 12, 2026                         FINN LAW OFFICES

By_____
        Ryan M. Finn, Esq.
733 Broadway
Suite 1
Albany, NY 12207
Tel: 518.928.1152
Fax: 518.677.1155
Ryan@LawFinn.com