UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRIAN LAUDADIO, Monroe County Public
Administrator, in his capacity as Administrator
of the ESTATE OF ROBERT L. BROOKS, SR.,

       Plaintiff,

   vs.

ANTHONY FARINA, MATTHEW GALLIHER
NICHOLAS ANZALONE, DAVID KINGSLEY,
NICHOLAS KIEFFER, ROBERT KESSLER,
MICHAEL FISHER, CHRISTOPHER WALRATH,
MICHAEL ALONG, SHEA SCHOFF, DAVID
WALTERS, MICHAEL MASHAW, GLENN
TROMBLEY, KYLE DASHNAW, ABEDIN
MEHMEDOVIC, SHERRI ABREU, STEVEN
CAUFIELD, BOBBI BEDIENT, TRAVIS
TABOR, JOHN BANKERT, JARED POPIEL,
DANIELLE MEDBURY, MICHAEL D'AMORE,
DANIEL MARTUSCELLO III, and other as yet
identified individuals,

       Defendants.

---

**ANSWER TO SECOND**
**AMENDED COMPLAINT**
**WITH CROSS-CLAIM**
Civil Action No. 9:25-cv-00068
[AMN-ML]

**DEFENDANT TRAVIS TABOR** (hereinafter, "**Defendant**"), by and through his attorneys, Saunders Kahler, L.L.P. (Michael D. Callan, Esq., of counsel), as and for his Answer to the Second Amended Complaint (hereinafter, the "**Second Amended Complaint**") of **PLAINTIFF BRIAN LAUDADIO, Monroe County Public Administrator, in his capacity as Administrator of the Estate of Robert L. Brooks Sr.** (hereinafter, "**Plaintiff**"), hereby alleges as follows:

1.  **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraphs "1", "2", "3", "4", "5",, "6", "7", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "22", "24", "25", "26", "27", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "64", "65", "66", "67", "68", "69", "71",

"72", "73", "74", "75", "76", "77", "78", "79", "80", "81", "82", "83", "84", "85", "86", "87", "88", "89", "90", "91", "92", "93", "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", "105", "106", "107", "108", "109", "110", "111", "112", "113", "114", "115", "117", "118", "119", "120", "121", "124", "125", "126", "127", "128", "130", "131", "133", "134", "135", "136", "137", "138", "141", "145", "146", "147", "148", "149", "150", "151", "152", "153", "154", "155", "156", "157", "158", "159", "160", "161", "162", "163", "164", "165", "166", "167", "169", "170", "171", "172", "173", "174", "175", "176", "177", "178", "179", "180", "181", "182", "183", "184", "185", "186", "187", "188", "189", "190", "191", "192", "193", "194", "195", "196", "197", "198", "199", "200", "201", "202", "203", "204", "205", "206", "207", "208", "209", "210", "211", "212", "213", "214", "215", "216", "217", "218", "219", "221", "222", "223", "224", "225", "226", "227", "228", "229", "230", "231", "232", "233", "234", "235", "236", "237", "238", "239", "240", "241", "242", "243", "244", "245", "246", "247", "248", "249", "250", "251", "252", "253", "254", "255", "256", "259", "260", "261", "262", "263", "264", "265", "266", "267", "268", "269", "270", "272", "273", "274", "275", "277", "278", "279", "280", "281", "282", "283", "284", "285", "286", "287", "288", "289", "290", "291", "292", "293", "294", "295", "296", "297", "298", "299", "300", "301", "302", "303", "304", "305", "306", "307", "308", "309", "310", "311", "312", "313", "314", "315", "316", "317", "318", "319", "320", "321", "322", "323", "324", "325", "326", "327", "328", "329", "330", "331", "332", "333", "334", "335", "336", "337", "338", "339", "340", "341", "342", "343", "344", "345", "346", "347", "348", "349", "350", "351", "352", "353", "354", "355", "356", "357", "358", "359", "360", "361", "362", "363", "365", "366", "367", "368", "369", "370", "371", "372", "373", "374", "375", "376", "377", "378", "379", "380", "381", "382", "383" "386", "387", "390", "395", "396", "397", "398", "399", "400", "401", "403", "404"  and "405" of the Second Amended Complaint and therefore **DENIES** the same.

2. **ADMITS** the allegations contained in paragraph "28" of the Second Amended Complaint.

3. **DENIES** the allegations contained in paragraphs "23", "70", "116", "122", "142", "143", "144", "276", "385", "388", "389", "391", "392", "393", "406", "407", "408" and "409" of the Second Amended Complaint.

4. As and for the allegations contained in paragraph "8" of the Second Amended Complaint, to the extent Defendant is included in the "at least nine other Marcy staff", Defendant **DENIES** said allegations and **LACKS INFORMATION AND KNOWLEDGE** sufficient to form a belief as to the remainder of the allegations contained in paragraph "8" of the Second Amended Complaint and therefore **DENIES** the same.

5. As and for the allegations contained in paragraphs "19", "20" and "21" of the Second Amended Complaint, Defendant hereby states that no response is required of Defendant as said allegations contain jurisdictional statutes.

6. As and for the allegations contained in paragraph "63" of the Second Amended Complaint, Defendant **ADMITS** that Robert arrived at Marcy on December 9, but **LACKS INFORMATION AND KNOWLEDGE** sufficient to form a belief as to the remainder of the allegations contained in paragraph "63" of the Second Amended Complaint and therefore **DENIES** the same.

7. As and for the allegations contained in paragraph "94" of the Second Amended Complaint, Defendant **ADMITS** that he briefly saw Robert in the Administration Building but **DENIES** the remainder of the allegations contained in paragraph "94" of the Second Amended Complaint.

8. As and for the allegations contained in paragraph "123" of the Second Amended Complaint, Defendant **ADMITS** that Bedient held the rank of lieutenant and she was working as

Marcy's watch commander on December 9, 2024, but **LACKS INFORMATION AND KNOWLEDGE** sufficient to form a belief as to the remainder of the allegations contained in paragraph "123" of the Second Amended Complaint and therefore **DENIES** the same.

9.      As and for the allegations contained in paragraph "129" of the Second Amended Complaint, Defendant **DENIES** that he witnessed any assault on Robert and **LACKS INFORMATION AND KNOWLEDGE** sufficient to form a belief as to the remainder of the allegations contained in paragraph "129" of the Second Amended Complaint and therefore **DENIES** the same.

10.     As and for the allegations contained in paragraph "132" of the Second Amended Complaint, Defendant **DENIES** he had any knowledge of any serious risk to Robert and **LACKS INFORMATION AND KNOWLEDGE** sufficient to form a belief as to the remainder of the allegations contained in paragraph "132" of the Second Amended Complaint and therefore **DENIES** the same.

11.     As and for the allegations contained in paragraph "139" of the Second Amended Complaint, Defendant **ADMITS** that calling a red dot is indicative of an officer in need of assistance but **DENIES** the remainder of the allegations contained in paragraph "139" of the Second Amended Complaint.

12.     As and for the allegations contained in paragraph "140" of the Second Amended Complaint, Defendant **ADMITS** that when a red dot is called it is indicative that an officer is in need of assistance but **DENIES** the remainder of the allegations contained in paragraph "140" of the Second Amended Complaint.

13.     As and for the allegations contained in paragraph "168" of the Second Amended Complaint, Defendant **DENIES** he knew that Robert faced a substantial risk of being subjected to harm by Kessler, Anzalone, and others and **LACKS INFORMATION AND KNOWLEDGE**

sufficient to form a belief as to the remainder of the allegations contained in paragraph "168" of the Second Amended Complaint and therefore **DENIES** the same.

14. As and for the allegations contained in paragraph "220" of the Second Amended Complaint, Defendant **ADMITS** that he was acting in the scope of his duties but **DENIES** the remainder of the allegations contained in paragraph "220" of the Second Amended Complaint.

15. As and for the allegations contained in paragraph "257" of the Second Amended Complaint, Defendant **DENIES** all allegations that pertain to him and **LACKS INFORMATION AND KNOWLEDGE** sufficient to form a belief as to the remainder of the allegations contained in paragraph "257" of the Second Amended Complaint and therefore **DENIES** the same.

16. As and for the allegations contained in paragraph "258" of the Second Amended Complaint, Defendant **DENIES** he witnessed any use of force on Robert and **LACKS INFORMATION AND KNOWLEDGE** sufficient to form a belief as to the remainder of the allegations contained in paragraph "258" of the Second Amended Complaint and therefore **DENIES** the same.

17. As and for the allegations contained in paragraph "271" of the Second Amended Complaint, Defendant **DENIES** he witnessed any use of force on Robert and **LACKS INFORMATION AND KNOWLEDGE** sufficient to form a belief as to the remainder of the allegations contained in paragraph "271" of the Second Amended Complaint and therefore **DENIES** the same.

18. As and for the allegations contained in paragraph "364" of the Second Amended Complaint, Defendant **ADMITS** that some of the officers were charged criminally but **LACKS INFORMATION AND KNOWLEDGE** sufficient to form a belief as to the remainder of the allegations contained in paragraph "364" of the Second Amended Complaint and therefore **DENIES** the same.

19.    As and for the allegations contained in paragraph "384" of the Second Amended Complaint, Defendant **REPEATS AND REALLEGES** those responses contained in all paragraphs of the Second Amended Complaint, as said responses correspond to the like numbered paragraphs of the Second Amended Complaint.

20.    As and for the allegations contained in paragraph "394" of the Second Amended Complaint, Defendant **REPEATS AND REALLEGES** those responses contained in all paragraphs of the Second Amended Complaint, as said responses correspond to the like numbered paragraphs of the Second Amended Complaint.

21.    As and for the allegations contained in paragraph "402" of the Second Amended Complaint, Defendant **REPEATS AND REALLEGES** those responses contained in all paragraphs of the Second Amended Complaint, as said responses correspond to the like numbered paragraphs of the Second Amended Complaint.

22.    If any response above is deemed inadequate by reason of Defendant's failure to specifically **ADMIT** or **DENY** the allegations, then Defendant shall be deemed to have **DENIED** those allegations of the Second Amended Complaint.

<u>**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**</u>
<u>**ON BEHALF OF DEFENDANT**</u>

23.    The Second Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

<u>**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**</u>
<u>**ON BEHALF OF DEFENDANT**</u>

24.    Defendant was not personally involved in the events which allegedly constituted a deprivation of constitutional rights under 42 U.S.C. §1983.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT

25.     Defendant denies that his action or inaction in any way caused or contributed to the damages claimed by Plaintiff in the Second Amended Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT

26.     The injuries allegedly sustained by Plaintiff were caused, in whole or in part, by the conduct of one or more parties or entities for whose conduct Defendant is not responsible.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT

27.     Plaintiff's claims are barred by the applicable Statute of Limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT

28.     In the event of a finding or liability in Plaintiff's favor, Defendant is entitled to a limitation on damages pursuant to the doctrine of apportionment.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT

29.     Defendant did not commit any act or omission which was a proximate cause of Plaintiff's alleged injuries/damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT

30.     Plaintiff's complaint is barred, in whole or in part, by the Eleventh Amendment.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT

31.     The injuries complained of in the Second Amended Complaint were caused by or brought about by intervening and/or superceding acts or omissions of third parties over whom Defendant had no control and for whose acts Defendant is not responsible and Defendant denies Plaintiff suffered any injuries from any action or inaction of Defendant.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT

32.     Defendant demands a separate trial by jury.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANTS ANTHONY FARINA, MATTHEW GALLIHER, NICHOLAS ANZALONE, DAVID KINGSLEY, NICHOLAS KIEFFER, ROBERT KESSLER, MICHAEL FISHER, CHRISTOPHER WALRATH, MICHAEL ALONG, SHEA SCHOFF, DAVID WALTERS, MICHAEL MASHAW, GLENN TROMBLEY, KYLE DASHNAW, ABEDIN MEHMEDOVIC, SHERRI ABREU, STEVEN CAUFIELD, BOBBI BEDIENT, JOHN BANKERT, JARED POPIEL, DANIELLE MEDBURY, MICHAEL D'AMORE AND DANIEL MARTUSCELLO III

33.     To the extent Plaintiff sustained any damages at the time and place alleged in the Second Amended Complaint through any acts or omissions other than the Plaintiff's own, such damages were caused by the culpable conduct of Defendants Anthony Farina, Matthew Galliher, Nicholas Anzalone, David Kingsley, Nicholas Kieffer, Robert Kessler, Michael Fisher, Christopher Walrath, Michael Along, Shea Schoff, David Walters, Michael Mashaw, Glenn Trombley, Kyle Dashnaw, Abedin Mehmedovic, Sherri Abreu, Steven Caufield, Bobbi Bedient, John Bankert, Jared Popiel, Danielle Medbury, Michael D'Amore and Daniel Martuscello III, and if any judgment is obtained against this Defendant, then this Defendant demands judgment over and against all other named Defendants, and others as yet to be identified, for contribution pursuant to CPLR Article 14 and/or indemnity for any part or all of the judgment awarded.

WHEREFORE, Defendant hereby demands judgment as follows:

(1) Dismissing the Second Amended Complaint; and

(2) For such other and further relief as to the Court deems just and proper.

DATED:  May 22, 2026.

MICHAEL D. CALLAN, ESQ., BAR ROLL #516276
**SAUNDERS KAHLER, L.L.P.**
*Attorneys for Defendant – Travis Tabor*
Office and Post Office Address:
181 Genesee Street, Suite 501
Utica, New York 13501-2194
Telephone:  (315) 733-0419
Email:  mcallan@saunderskahler.com

TO:    Stephen G. Schwarz, Esq.
       Joshua M. Mankoff, Esq.
       **FARACI LANGE, LLP**

       Elizabeth Mazur, Esq.
       Kate Schwartz, Esq.
       **HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.**

       *Attorneys for Plaintiff*

CC:    All counsel of record (via CM/ECF)
       All pro se Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, I electronically filed the within Answer to Second Amended Complaint with Cross-Claim on behalf of Defendant Travis Tabor with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Stephen G. Schwarz, Esq.
Joshua M. Mankoff, Esq.
**FARACI LANGE, LLP**
*Attorneys for Plaintiff*
*sschwarz@faraci.com*
*jmankoff@faraci.com*

Elizabeth Mazur, Esq.
Kate Schwartz, Esq.
**HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.**
*emazur@hsplegal.com*
*kschwartz@hsplegal.com*

Bonnie R. Watson, Esq.
Daniel Rubin, Esq.
**GIRVIN & FERLAZZO, P.C.**
*Attorneys for Anthony Farina*
*brw@girvinlaw.com*
*dsr@girvinlaw.com*

Kevin A. Luibrand, Esq.
Elizabeth Harmon, Esq. (Of Counsel)
**LUIBRAND LAW FIRM, PLLC**
*Attorneys for Matthew Galliher*
*kluibrand@luibrandlaw.com*
*eharmon@luibrandlaw.com*

Andrew R. Safranko, Esq.
Nicholas J. Evanovich, III, Esq.
Lily G. Killar, Esq.
Joshua R. Friedman, Esq.
**LAMARCHE SAFRANKO LAW, PLLC**
*Attorneys for Nicholas Anzalone*
*asafranko@lslwny.com*
*nevanovich@lslawny.com*
*lkillar@lslawny.com*
*jfriedman@lslawny.com*

David A. Longeretta, Esq.
**LAW OFFICE OF DAVID A. LONGERETTA, PLLC**
*Attorneys for Nicholas Kieffer*
*Dlongerettalaw@gmail.com*

Michael D. Assaf, Esq.
**ASSAF, SIEGAL LAW FIRM**
*Attorneys for Robert Kessler*
*massaf@assafandsiegal.com*

Cory J. Schoonmaker, Esq.
Stephen A. Davoli, Esq.
**SUGARMAN LAW FIRM, LLC**
*Attorneys for Michael Along*
*cschoonmaker@sugarmanlaw.com*
*sdavoli@sugarmanlaw.com*

Kimberly M. Zimmer, Esq.
**ZIMMER LAW OFFICE, PLLC**
*Attorneys for Shea Schoff*
*kmz@kimzimmerlaw.com*

Jennifer Hopkins, Esq.
**BARCLAY DAMON LLP**
*Attorneys for Shea Schoff*
*jhopkins@barclaydamon.com*

Paul Tuck, Esq.
**PAUL TUCK ATTORNEY AT LAW, PLLC**
*Attorneys for David Walters*
*paul@paultucklaw.com*

Brady J. O'Malley, Esq.
**NAVE LAW FIRM**
*Attorneys for Kyle Dashnaw*
*O'malley-team@naveteam.com*

Andrew F. Pisanelli, Esq.
**MILBER, MAKRIS, PLOUSADIS & SEIDEN, LLP**
*Attorneys for Abedin Mehmedovic*
*apisanelli@milbermakris.com*

Thomas J. Murphy, Esq.
**HANCOCK & ESTABROOK, LLP**
*Attorneys for Danielle Medbury*
*tjmurphy@hancocklaw.com*

William A. Scott, Esq.
Chi-Hsin E. Engelhart, Esq.
**NEW YORK STATE ATTORNEY GENERAL – ALBANY**
*Attorneys for Daniel Martuscello, III*
*William.scott@ag.ny.gov*
*Esther.engelhart@ag.ny.gov*

Martha L. Berry, Esq.
**LONGSTREET & BERRY, LLP**
*Attorneys for Sherri Abreu and Steven Caufield*
*marthalberry@gmail.com*

Thomas J. DeBernardis, esq.
**SMITH, SOVIK, KENDRICK & SUGNET, P.C.**
*Attorneys for John Bankert*
*tdebernardis@smithsovik.com*

Ryan M. Finn, Esq.
**FINN LAW OFFICES**
*Attorney for Jared Popeil*
*ryan@lawfinn.com*

John D. Aspland, Esq.
**FITZGERALD MORRIS BAKER FIRTH, P.C.**
*Attorney for Michael D'Amore*
*jda@fmbf-law.com*

I further certify that on May 22, 2026, I caused a copy of the within document to be served on the pro se Defendants by U.S. mail as follows:

Michael Fisher
124 South Crescent Drive
Rome, New York 13440

David Kingsley
26 North Main Street
Adams, New York 13605

Christopher Walrath
117 Dockey Road
Little Falls, New York 13365

Michael Mashaw
25-R-3903
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, New York 12788

Dated: May 22, 2026.

Teresa M. Seymore