UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRIAN LAUDADIO, Monroe County Public
Administrator, in his capacity as Administrator of the
ESTATE OF ROBERT L. BROOKS, SR.,

                Plaintiff,

                vs.

ANTHONY FARINA, MATTHEW GALLIHER,
NICHOLAS ANZALONE, DAVID KINGSLEY,
NICHOLAS KIEFFER, ROBERT KESSLER,
MICHAEL FISHER, CHRISTOPHER WALRATH,
MICHAEL ALONG, SHEA SCHOFF, DAVID
WALTERS, MICHAEL MASHAW, GLENN
TROMBLEY, KYLE DASHNAW, ABEDIN
MEHMEDOVIC, SHERRI ABREU, STEVEN
CAUFIELD, BOBBI BEDIENT, TRAVIS TABOR,
JOHN BANKERT, JARED POPEIL, DANIELLE
MEDBURY, MICHAEL D'AMORE, DANIEL
MARTUSCELLO III, and other as yet identified
individuals,

                Defendants.

**DEFENDANT BOBBI
BEDIENT'S ANSWER
TO PLAINTIFF'S
SECOND AMENDED
COMPLAINT**

Civil Action No.
9:25-CV-00068
(AMN/ML)

---

Defendant Bobbi Bedient ("Defendant Bedient"), by and through her

attorneys, Longstreet & Berry, LLP, states as follows for his answer to Plaintiff's

Second Amended Complaint:

1.      Denies each and every allegation contained in paragraphs 1, 2, 3, 4, 5,

6, 7, 8, 14, 17, 18, 19, 20, 28, 65, 66, 67, 68, 70, 76, 92, 94, 106, 107, 108, 112,

113, 114, 115, 116, 125, 126, 127, 128, 129,132, 139, 140, 142, 143,144, 184, 185, 221, 254, 257, 258, 262, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 277, 333, 334, 339, 341, 342, 343, 344, 358, 359, 360, 361, 362, 363, 365, 373, 382, 383, 388, 389, 391, 392, 393, 406, 407, 408 and 409 of Plaintiff's Second Amended Complaint.

2.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs numbered:  9, 10, 11, 12, 13, 15, 16, 22, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43,  44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 69,71, 72, 73, 74, 75, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 93,  95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 109, 110, 111, 117, 118, 119, 120, 121, 129, 130, 131, 133, 134, 135, 136, 137, 138, 141, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 222, 223, 224, 225, 226, 227, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 256, 259, 260, 261, 263, 278, 279, 280, 281, 282, 283, 284, 285, 286,

287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 335, 336, 337, 338, 340, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 364, 366, 367, 368, 369, 370, 371, 372, 374, 375, 376, 377, 378, 379, 380, 381, 386, 387, 390, 395, 396, 397, 398, 399, 400, 401, 403, 404 and 405 of Plaintiff's Second Amended Complaint.

3.      Admits the allegations contained in paragraphs 124 and 228 of Plaintiff's Second Amended Complaint.

4.      With respect to the allegations contained in paragraph 21 of the Complaint, admits, upon information and belief, that the events giving rise to Plaintiff's claims occurred in the Northern District of New York, but denies each and every other allegation contained in said paragraph.

5.      With respect to the allegations in paragraph numbered 23 of the Second Amended Complaint, admits that at all times relevant herein Defendant Bedient was employed by the State of New York at the Marcy Correctional Facility and was serving as Marcy's acting watch commander, but denies the remaining allegations directed to Defendant Bedient and denies knowledge and information sufficient to form a belief as to the truth of the allegations directed to

the other Defendants in this action.

6.    With respect to the allegations contained in paragraph numbered 64 of the Second Amended Complaint, admits that Mohawk staff sent advance notice to Bobbi Bedient that Robert Brooks would be arriving at Marcy, but denies each and every other allegation contained in paragraph numbered 64 of the Second Amended Complaint not hereinabove controverted or otherwise denied.

7.    With respect to the allegations contained in paragraph numbered 122 of Plaintiff's Second Amended Complaint, denies the allegations as they relate to Defendant Bedient and denies knowledge and information sufficient to form a belief as to the truth of the allegations as against the remaining defendants in this action.

8.    With respect to the allegations contained in paragraph numbered 123 of Plaintiff's Second Amended Complaint, admits that Defendant Bedient held the rank of lieutenant and was working as Marcy's watch commander but denies each and every other allegation contained in paragraph number 123 of Plaintiff's Second Amended Complaint not hereinabove controverted or otherwise denied.

9.    With respect to the allegations contained in paragraphs 274, 275, 276, of the Second Amended Complaint, denies the allegations to the extent they are alleged against Defendant Bedient and denies knowledge and information

sufficient to form a belief as to the truth of the allegations against the other named Defendants in this action.

10.    With respect to paragraphs 384, 394 and 402 of the Second Amended Complaint, the allegations contained in paragraphs 1 - 8 of this Answer should be considered as if fully restated and set forth herein.

11.    Denies each and every other allegation contained in Plaintiff's Second Amended Complaint not hereinabove controverted or otherwise denied.

### FIRST AFFIRMATIVE DEFENSE

12.    The Second Amended Complaint fails to state a cause of action against Defendant Bedient.

### SECOND AFFIRMATIVE DEFENSE

13.    The State Law claims and causes of action are barred due to Plaintiff's failure to file a timely Notice of Claim.

### THIRD AFFIRMATIVE DEFENSE

14.    Defendant Bedient has been improperly joined as a defendant in this action and the claims as against her should be severed.

### FOURTH AFFIRMATIVE DEFENSE

15.    The damages alleged in Plaintiff's Second Amended Complaint were caused or brought about by the intervening and/or superseding act or omissions of

a third person or persons over whom Defendant Caufield had not control and for whose acts Defendant Bedient is in no way responsible.

## FIFTH AFFIRMATIVE DEFENSE

16. Defendant Bedient is protected by the doctrines of absolute, qualified and governmental immunity under 42 U.S. C. §1983 and applicable New York law.

17. Plaintiff's claims against Defendant Bedient therefore should be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

18. Defendant Bedient acted without malice, with probable and/or reasonable cause and in good faith, with a reasonable belief that her actions were lawful and within the scope of her authority, official duties and discretion.

## SEVENTH AFFIRMATIVE DEFENSE

19. Defendant Bedient acted in a reasonable and proper manner, used no force as against Plaintiff and did not violate any clearly established rights of the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

20. Plaintiff failed to exhaust his administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

21.    Plaintiff's claims are barred in whole or in part because Defendant Bedient was not personally involved in any alleged constitutional violation as is required for liability under 42 U.S.C. §1983.

## TENTH AFFIRMATIVE DEFENSE

22.    In the event Plaintiff has, or should in the future, settle any portion of the claims arising from the allegations contained in Plaintiff's Second Amended Complaint with any currently named or still to be named defendant(s), the respective rights of the parties should be determined pursuant to §15-108 of the New York General Obligations Law.

## ELEVENTH AFFIRMATIVE DEFENSE

23.    Any expenses incurred by plaintiff for medical care, loss or earnings or other economic loss have been or will be replaced or indemnified in whole or in part by collateral sources as defined in CPLR §4545(c)

## FIRST CROSS-CLAIM AGAINST ANTHONY FARINA, MATTHEW GALLIHER, NICHOLAS ANZALONE, DAVID KINGSLEY, NICHOLAS KIEFFER, ROBERT KESSLER, MICHAEL FISHER, CHRISTOPHER WALRATH, MICHAEL ALONG, SHEA SCHOFF, DAVID WALTERS, MICHAEL MASHAW, GLENN TROMBLEY, KYLE DASHNAW, ABEDIN MEHMEDOVIC, TRAVIS TABOR, JOHN BANKERT, JARED POPEIL, DANIELLE MEDBURY, MICHAEL D'AMORE

24.    If the Plaintiff/Decedent sustained any damages at the time and place alleged in the Second Amended Complaint through any acts or omissions other

7

than the Plaintiff's/Decedent's own, such damages were caused by the culpable conduct of defendants Anthony Farina, Matthew Galliher, Nicholas Anzalone, David Kingsley, Nicholas Kieffer, Robert Kessler, Michael Fisher, Christopher Walrath, Michael Along, Shea Schoff, David Walters, Michael Mashaw, Glenn Trombley, Kyle Dashnaw, Abedin Mehmedovic, Travis Tabor, John Bankert, Jared Popeil, Danielle Medbury and Michael D'Amore and if any judgment is obtained against Defendant Bedient, then Defendant Bedient demands judgment over against defendants Anthony Farina, Matthew Galliher, Nicholas Anzalone, David Kingsley, Nicholas Kieffer, Robert Kessler, Michael Fisher, Christopher Walrath, Michael Along, Shea Schoff, David Walters, Michael Mashaw, Glenn Trombley, Kyle Dashnaw, Abedin Mehmedovic, Travis Tabor, John Bankert, Jared Popeil, Danielle Medbury and Michael D'Amore for contribution pursuant to CPLR Article 14 and/or indemnity for any part or all of the judgment awarded.

**WHEREFORE**, Defendant Bedient demands judgment dismissing Plaintiff's Second Amended Complaint in its entirety, awarding Defendant Bedient judgment on her crossclaim, severing the claims as against Defendant Bedient, together with such other and further relief the Court may deem just and proper including the costs and disbursements of this action.

Dated:      May 26, 2026

                              LONGSTREET & BERRY, LLP


                              _____
                              Martha L. Berry, Esq.
                              Bar Roll No. 101150
                              *Attorneys for Defendant Bobbi Bedient*
                              P.O. Box 249 - 415 Elm Street
                              Fayetteville, New York 13066
                              Tel: (315) 422-9295
                              Fax: (315) 422-6955
                              Marthalberry@gmail.com


To:   HUGHES SOCOL PIERS RESNICK & DYM, LTD.
      Elizabeth Mazur, Esq.; Kate Schwartz, Esq.
      *Attorneys for Plaintiff*
      70 W. Madison Street Suite 4000
      Chicago, Illinois 60602
      Tel: 312-580-0100
      Fax: 312-580-1994
      emazur@hsplegal.com
      kschwartz@hsplegal.com


      FARACI LANGE, LLP
      Stephen G. Schwarz, Esq.; Josh Mankoff, Esq.
      *Attorneys for Plaintiff*
      1822 South Winton Road, Suite 1
      Rochester, New York 14618
      Tel: 585-325-5150
      Fax: 525-325-3285
      sschwarz@faraci.com
      Jmankoff@faraci.com