UNITED STATES DISCTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRIAN LAUDADIO, Monroe County Public
Administrator, in his capacity as Administrator of the
ESTATE of ROBERT L. BROOKS SR.,

                         Plaintiff,

      -against-

ANTHONY FARINA, MATTHEW GALLIHER,
NICHOLAS ANZALONE, DAVID KINGSLEY,
NICHOLAS KIEFFER, ROBERT KESSLER,
MICHAEL FISHER, CHRISTOPHER WALRATH,
MICHAEL ALONG, SHEA SCHOFF, DAVID
WALTERS, MICHAEL MASHAW,
GLENN TROMBLEY, KYLE DASHNAW,
ABEDIN MEHMEDOVIC, SHERRI ABREU,
STEVEN CAUFIELD, BOBBIE BEDIENT, TRAVIS
TABOR, JOHN BANKERT, JARET POPEIL,
DANIELLE MEDBURY, MICHAEL D'AMORE,
DANIEL MARTUSCELLO III, and other as yet
Identified individuals,

                         Defendants.

**ANSWER TO SECOND
AMENDED COMPLAINT**

Index No.: 9:25-cv-00068
(AMN/ML)

---

The Defendant, MICHAEL D'AMORE (hereinafter, "answering Defendant"), answering the Second Amended Complaint of the Plaintiff herein, by his attorneys, FitzGerald Morris Baker Firth, P.C., submits the following upon information and belief:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "1", "2", "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "18", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", 49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59","60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78" "79", "80", "81", "82", "83", "84", "85", "86", "87", "88", "89", "90", "91", "92", "93", "94", "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", "105", "106", "107", "109", "111", "116", "120", "130", "134", "135", "136", "138", "139", "140", "145", "146" "147", "148", "150", "154", "155", "156", "158", "162", "163", "165", "166", "167", "169", "171", "172", "173", "175", "176", "177", "178", "181", "184", "185", "186", "187", "188", "189", "190", "191", "193", "195", "196", "197", "198", "199", "200", "201", "202", "203", "204", "205", "206", "207", "208", "210", "215", "216", "226", "227", "230", "231", "233", "234", "235", "236", "237", "238", "239", "240", "242", "243", "244",

"245", "246", "247", "248", "249", "250", "251", "252", "253", "254", "256", "259", "260", "261", "278", "279", "280", "281", "283", "284", "285", "286", "287", "288", "289", "290", "291", "292", "294", "295", "296", "297", "298", "299", "300", "301", "302", "304", "305", "306", "307", "308", "309", "310", "311", "312", "313", "314", "315", "316", "317", "318", "319", "320", "321", "322", "325", "327", "328", "329", "331", "333", "335", "340", "341", "342", "343", "345", "346", "347", "349", "350", "351", "352", "353", "354", "355", "356", "357", "363", "375", "376", "377", "378", "379", "380", and "403" of the Second Amended Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "326" to include subparagraphs "a through e" of the Second Amended Complaint.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered ""3", "17", "22", "23", "24", "25", "27", "28", "108", "110", "112", "113", "114", "115", "117", "118", "119", "121", "122", "123", "124", "125", "126", "127", "128", "129", "131", "132", "133", "137", "141", "142", "143", "144", "149", "151", "152", "153", "157", "159", "160", "161", "164", "168", "174", "180", "182", "183", "192", "194", "209", "211", "212", "213", "214:, "217", "218", "219", "220", "221", "222", "223", "224", "225", "228", "229", "232", "241", "255", "257", "258", "262", "268", "274", "282", "241", "255", "257", "258", "262", "268", "274", "282", "293", "323", "330", "332", "337", "338", "348", "364", "365", "366", "367", "368", "369", "370", "371", "372", "373", "381", "382", "383", "386", "387", "388", "389", "390", "391", "392", "393", "404", and "405" of the Second Amended Complaint and refers all questions of law to the Court.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "26" of the Second Amended Complaint, except admits that in 2022, Defendant D'Amore became the First Deputy Superintendent of Marcy, in 2023 he was promoted to Superintendent of Marcy, in 2024, D'Amore was promoted to NYSDOCCS Deputy Commissioner for Correctional Facilities, a position where he is responsible for overseeing all NYSDOCCS Correctional Facilities, and refers all questions of law to the Court.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "334" to include subparagraphs "a through i" of the Second Amended Complaint and refers all questions of law to the Court.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "336" to include subparagraphs "a through d" of the Second Amended Complaint and refers all questions of law to the Court.

7. Denies the allegations contained in the paragraphs numbered "4", "179", "263", "265", "266", "267", "269", "270", "271", "272", "273", "275", "276", "277", "303", "324", "339", "344", "358", "359", "360", "374", "385", "395", "396", "397", "398", "399",

"400", and "401" of the Second Amended Complaint and refers all questions of law to the Court.

8. The allegations contained in the paragraphs numbered "19", "20", and "21" of the Second Amended Complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, the answering Defendant makes no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

9. Denies the allegations contained in the paragraphs numbered "170", "264", "361", and "362" of the Second Amended Complaint.

10. Answering the paragraphs numbered "384", "394", and "402" of the Second Amended Complaint, answering Defendant repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

11. The allegations contained in the paragraphs numbered "406", "407", "408", and "409" of the Second Amended Complaint are statements describing damages for which no response is required.  To the extent a response is required, answering Defendant denies that he engaged in conduct, committed any act or failed to commit an act that was separately or collectively contrary to constitutional, federal, statutory, regulatory or case law.  Nor has he committed any other wrongdoing.

12. Deny all other allegations contained in the Second Amended Complaint not specifically admitted or denied.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE,**
**ANSWERING DEFENDANT ALLEGES:**

13. That the Second Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,**
**ANSWERING DEFENDANT ALLEGES:**

14. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by answering Defendant or otherwise ratified by answering Defendant authorized a deprivation of Plaintiff's constitutional rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,**
**ANSWERING DEFENDANT ALLEGES:**

15. That no custom or usage adopted, followed, endorsed or ratified by answering Defendant authorized a deprivation of Plaintiff's constitutional rights.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANT ALLEGES:**

16. That the doctrines of respondent superior and vicarious liability do not apply to a civil rights claim.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANT ALLEGES:**

17. Punitive damages violate the federal and state constitutions under the substantive and procedural due process clauses, equal protection clauses, excessive fine clauses, and cruel and unusual punishment clauses.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANT ALLEGES:**

18. That Plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANT ALLEGES:**

19. That in performing such duties and responsibilities, answering Defendant is and was protected by Federal and State immunity.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANT ALLEGES:**

20. Punitive damages violate the federal and state constitutions under the substantive and procedural due process clauses, equal protection clauses, excessive fine clauses, and cruel and unusual punishment clauses.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANT ALLEGES:**

21. That this action is barred from the doctrine of qualified and/or absolute governmental immunity for discretionary acts.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE,
ANSWERING DEFENDANT ALLEGES:**

22. That the Second Amended Complaint is barred, in whole or in part by the Eleventh Amendment.

WHEREFORE, answering Defendant demands judgment against the Plaintiff dismissing the Second Amended Complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

Dated: June 8, 2026                                    Yours, etc.,

John D. Aspland, Jr., Esq.
Bar Roll No.: 512134
FitzGerald Morris Baker Firth, P.C.
*Attorneys for Defendant, Michael D'Amore*
68 Warren Street – P.O. Box 2017
Glens Falls, NY 12801

TO:    All Counsel (*via CM/ECF*)
       All pro se Defendants (*via U.S. Mail*)