UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN LAUDADIO, Monroe County Public Administrator, in his capacity as Administrator of the ESTATE OF ROBERT L. BROOKS SR.,<br><br>        Plaintiff,<br><br>        v.<br><br>ANTHONY FARINA, MATTHEW GALLIHER, NICHOLAS ANZALONE, DAVID KINGSLEY, NICHOLAS KIEFFER, ROBERT KESSLER, MICHAEL FISHER, CHRISTOPHER WALRATH, MICHAEL ALONG, SHEA SCHOFF, DAVID WALTERS, MICHAEL MASHAW, GLENN TROMBLEY, KYLE DASHNAW, ABEDIN MEHMEDOVIC, SHERRI ABREU, STEVEN CAUFIELD, BOBBI BEDIENT, TRAVIS TABOR, JOHN BANKERT, JARED POPEIL, DANIELLE MEDBURY, MICHAEL D'AMORE, DANIEL MARTUSCELLO III, and other as yet identified individuals,<br><br>        Defendants. | Case No. 9-25-cv-68 (AMN/ML)<br><br>**DEFENDANT ANZALONE'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITH CROSS-CLAIMS** |

Defendant Nicholas Anzalone ("Defendant"), by and through his attorneys, LAMARCHE SAFRANKO LAW PLLC, as and for an Answer to the Second Amended Complaint (hereinafter, "Complaint", "complaint", or "Second Amended Complaint") of plaintiff herein, responds as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 14, 17, 18, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 85, 92, 94, 96, 97, 101, 110, 116, 117, 118, 119, 120, 121, 123, 124, 125, 126, 127, 128, 129, 132, 136,

137, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 157, 158, 159, 160, 161, 162, 164, 166, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 181, 182, 183, 184, 185, 186, 187, 188, 190, 191, 192, 194, 195, 196, 197, 198, 200, 202, 203, 207, 208, 209, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 243, 244, 245, 246, 247, 248, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 271, 272, 273, 274, 275, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 313, 314, 316, 322, 323, 324, 325, 326, 326 (a)-(e), 327, 328, 329, 330, 331, 332, 333, 334, 334 (a)-(i), 335, 336, 336 (a)-(d), 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 386, 392, 393, 395, 396, 397, 398, 399, 400, 401, 403, 404, 405.

2. Defendant denies the allegations contained in paragraphs 81, 83, 103, 104, 105, 106, 107, 108, 109, 111, 112, 113, 114, 115, 122, 130, 131, 133, 135, 180, 189, 193, 199, 201, 205, 242, 249, 250, 251, 270, 276, 299, 315, 317, 318, 319, 320, 385, 387, 388, 389, 390, 391 insofar as they concern him and otherwise denies knowledge or information sufficient to form a belief as to the allegations.

3. Defendant admits the allegations contained in paragraph 231 insofar as they concern him, and otherwise denies knowledge or information sufficient to form a belief as to the allegations.

4.    Defendant admits the allegations contained in paragraphs 11, 12, 13, 15, 16, 79, 80, 82, 84, 86, 87, 88, 89, 90, 91, 93, 95, 98, 99, 100, 102, 134, 138, 139, 140, 156, 163, 165, 167, 204, 206, 210, 312, and 321.

5.    The allegations contained in paragraphs 19, 20, 21, 406, 407, 408, and 409 are legal conclusions for the Court and do not require a responsive averment, and to the extent any responsive averment is required, Defendant denies such allegation or part thereof.

6.    As to the paragraphs numbered 384, 394 and 402, Defendant repeats, reiterates, and realleges herein his responses to each and every allegation, claim, and statement incorporated by reference into such paragraphs by the Plaintiff.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7.    Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8.    Plaintiff's complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9.    To the extent plaintiff raises state law claims, they are barred by section 24 of the Correction Law and by other state law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10.    The state law claims and causes of action are, upon information and belief, barred by the failure of the Plaintiff to file a timely and proper notice of claim.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11.    The complaint is barred, in whole or in part, under the Eleventh Amendment.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12. The complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13. The plaintiff has failed to establish personal or subject matter jurisdiction over Defendant.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14. The injuries allegedly sustained by the plaintiff were caused in whole or in part by the intervening and/or superseding act or omissions of one or more parties or entities for whose conduct Defendant had no control and for whose acts Defendant is not responsible.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15. Plaintiff has failed to exhaust administrative remedies under the Prison Litigation Reform Act of 1995.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16. To the extent plaintiff's decedent has, on three or more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, this action is barred from proceeding under section 1915 of the Prison Litigation Reform Act of 1995.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17. Upon information and belief, plaintiff's decedent has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending. Pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, plaintiff is not or may not be entitled to any payment herein.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18.     Upon information and belief, plaintiff's decedent has been convicted of one or more felonies or other crimes.  Pursuant to section 808 of the Prison Litigation Reform Act of 1995, prior to any compensatory damages to plaintiff, reasonable efforts shall be made to notify the victims of the crime for which plaintiff was convicted and incarcerated.  Upon information and belief, plaintiff must be compelled to cooperate in the notification of plaintiff's decedent's victims prior to payment of any judgment herein, or he should be barred from recovering.

**AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

19.     In the event plaintiff has, or should in the future, settle any portion of the claims arising from the allegations in plaintiff's complaint with any currently named or to be named defendant(s), the respective rights of the remaining parties should be determined pursuant to New York General Obligations Law § 15-108.

**AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

20.     At all times relevant, Defendant acted without malice, with probable and/or reasonable cause, and in good faith, with a reasonable belief of the legality of his actions and within the scope of his authority, official duties, and discretion.

**AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

21.     Upon information and belief, Defendant is protected by the doctrines of absolute, qualified, and governmental immunity under 42 U.S.C. § 1983 and applicable New York State law, and the Plaintiff's claims must therefore be dismissed.

**AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

22.     Upon information and belief, any past or future costs for expenses incurred or to be incurred by plaintiff for medical care, loss of earnings or other economic loss, have been or will be, with reasonable certainty, replaced or indemnified in whole or in part from collateral sources as defined in Section 4545(c) of the CPLR.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

23.    Plaintiff is unable to establish Defendant's personal involvement in any alleged constitutional deprivation.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

24.    To the extent liability is found as against Defendant, liability should be apportioned and limited in accordance with the provisions of NY CPLR Articles 14, 14-A, and 16.

## JURY TRIAL DEMAND

25.    Defendant demands a trial by jury.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST ANTHONY FARINA, MATTHEW GALLIHER, DAVID KINGSLEY, NICHOLAS KIEFFER, ROBERT KESSLER, MICHAEL FISHER, CHRISTOPHER WALRATH, MICHAEL ALONG, SHEA SCHOFF, DAVID WALTERS, MICHAEL MASHAW, GLENN TROMBLEY, KYLE DASHNAW, ABEDIN MEHMEDOVIC, SHERRI ABREU, STEVEN CAUFIELD, BOBBI BEDIENT, TRAVIS TABOR, JOHN BANKERT, JARED POPEIL,  DANIELLE MEDBURY, MICHAEL D'AMORE, DANIEL MARTUSCELLO III, and other as yet Identified Individuals, THIS ANSWERING DEFENDANT ALLEGES:**

26.    That if the Plaintiff or Plaintiff's decedent sustained any damages at the time and place alleged in the Complaint through any acts or omissions other than the Plaintiff or Plaintiff's decedent's own, such damages were caused by the culpable conduct of ANTHONY FARINA, MATTHEW GALLIHER, DAVID KINGSLEY, NICHOLAS KIEFFER, ROBERT KESSLER, MICHAEL FISHER, CHRISTOPHER WALRATH, MICHAEL ALONG, SHEA SCHOFF, DAVID WALTERS, MICHAEL MASHAW, GLENN TROMBLEY, KYLE DASHNAW, ABEDIN MEHMEDOVIC, SHERRI ABREU, STEVEN CAUFIELD, BOBBI BEDIENT, TRAVIS TABOR, JOHN BANKERT, JARED POPEIL,  DANIELLE MEDBURY, MICHAEL D'AMORE, DANIEL MARTUSCELLO III, and other as yet Identified Individuals, and if any judgment is obtained against this answering Defendant, then this answering Defendant demands judgment over against ANTHONY FARINA, MATTHEW GALLIHER, DAVID KINGSLEY,

NICHOLAS KIEFFER, ROBERT KESSLER, MICHAEL FISHER, CHRISTOPHER WALRATH, MICHAEL ALONG, SHEA SCHOFF, DAVID WALTERS, MICHAEL MASHAW, GLENN TROMBLEY, KYLE DASHNAW, ABEDIN MEHMEDOVIC, SHERRI ABREU, STEVEN CAUFIELD, BOBBI BEDIENT, TRAVIS TABOR, JOHN BANKERT, JARED POPEIL, DANIELLE MEDBURY, MICHAEL D'AMORE, DANIEL MARTUSCELLO III, and other as yet Identified Individuals, for contribution pursuant to CPLR Article 14 and/or indemnity for any part or all of the judgment awarded.

**WHEREFORE,** defendant Nicholas Anzalone respectfully demands judgment dismissing the complaint, granting judgment on his cross-claim, awarding costs and disbursements of this action, and granting any such further relief as the Court deems just and proper.

Dated: June 25, 2026

LaMarche Safranko Law PLLC
*Attorneys for Defendant Nicholas Anzalone*

s/ Andrew R. Safranko, Esq. (510803)
s/ Nicholas J. Evanovich, Esq. (520762)
s/ Joshua R. Friedman, Esq. (520628)
s/ Lily G. Killar, Esq. (705214)
987 New Loudon Road
Cohoes, New York 12047
T: (518) 982-0770
asafranko@LSLawNY.com
NEvanovich@LSLawNY.com
JFriedman@LSLawNY.com
LKillar@LSLawNY.com